# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY NATALE, JR., on behalf of himself and all others similarly situated, ) ) | |
| ) | CIVIL ACTION |
| Plaintiff ) | NO. 05-11152-RCL |
| ) | |
| v. ) | |
| ) | |
| GENERAL MOTORS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

Kenneth G. Gilman, BBO #192760
David Pastor, BBO #391000
Douglas J. Hoffman, BBO #640472
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Telephone: (617) 742-9700

**ATTORNEYS FOR PLAINTIFF**

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.      DEFENDANT HAS THE BURDEN OF PROOF TO ESTABLISH
           REMOVAL JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.     CAFA DOES NOT APPLY TO THIS CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    III.    THE MAGNUSON-MOSS WARRANTY ACT EXPRESSLY PRECLUDES
           FEDERAL QUESTION JURISDICTION WHERE NAMED PLAINTIFFS
           IN A CLASS ACTION NUMBER LESS THAN ONE HUNDRED . . . . . . . . . 8

    IV.    DEFENDANT HAS NOT ESTABLISHED THE NECESSARY AMOUNT
           IN CONTROVERSY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    V.     THERE IS NO SUPPLEMENTAL JURISDICTION OVER THE
           REMAINING CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Ahern v. Warner*,
    16 Mass. App. Ct. 223 (Mass. App. Ct. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Alshrafi v. American Airlines, Inc.*,
    321 F.Supp. 2d 150 (D. Mass. 2004, Young, C.J.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Auerbach v. General Motors Corporation*,
    No. 01-11723-RCL (D. Mass. July, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Averdick v. Republic Financial Services, Inc.*,
    803 F. Supp. 37 (E.D. Ky. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Barton Chemical Corp. v. Avis Rent A Car System, Inc.*,
    402 F. Supp. 1195 (N.D. Ill. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Bassett v. Toyota Motor Credit Corp.*,
    818 F. Supp. 1462 (S.D. Ala. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Big D Carpets v. Welch Group*,
    37 Mass. App. Ct. 312 (Mass. App. Ct. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*BIW Deceived v. Local S6*,
    132 F. 3d 824 (1st Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Brechbill v. Diners Club, Inc.*,
    80 F.R.D. 486 (W.D. Pa. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Bridgestone/Firestone, Inc. v. Ford Motor Co.*,
    129 F. Supp. 2d 1202 (S.D. Ind. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Bush v. Cheaptickets*,
    No. CV 05-2285, 2005 U.S. Dist. LEXIS 14583 (C.D. Cal. May 9, 2005) . . . . . . . . . 7, 8

*Carlson v. General Motors Corp.*,
    883 F.2d 287 (4th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ciardi v. F. Hoffmann-La Roche, Ltd.*,
    No. 99-11936, 2000 U.S. Dist. LEXIS 1483 (D. Mass. 2000) . . . . . . . . . . . . . . . . . 14, 15

*Clark v. Paul Gray, Inc.*,
　　306 U.S. 583 (1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Coca-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*,
　　198 F. Supp.2d 1280 (D. Kan. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Cordis Corp. Pacemaker Product Liability Litigation*,
　　1992 U.S. Dist LEXIS 22612 (S.D. Ohio 1992 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Corkery v. General Motors Corporation*,
　　No. 03-11890 (D. Mass., Nov. 12, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Crawford v. F. Hoffman-La Roche Ltd.*,
　　267 F.3d 760 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Dierks v. Thompson*,
　　414 F.2d 453 (1st Cir. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Dix v. ICT Group, Inc.*,
　　NO. CS-03-0315-LRS, 2003 U.S. Dist. LEXIS 21679 (D. Wash. 2003) . . . . . . . . . . . . 11

*Doughty v. Hyster New Eng., Inc.*,
　　344 F. Supp. 2d 217 (D. Me. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Evans v. Yum Brands*, Inc.,
　　326 F. Supp. 2d 214 (D.N.H. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Expedia Hotel Taxes and Fees Litigation*,
　　No. C05-0365C (W.D. Wash. Apr. 15, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Exxon Mobile Corp. v. Allapattah Services, Inc.*,
　　125 S. Ct. 2611 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

*Ferris v. General Dynamics Corp.*,
　　654 F. Supp. 1354 (D.R.I. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Flowers v. EZPawn Okla., Inc.*,
　　307 F. Supp. 2d 1191 (N.D. Okla. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Ford Motor Co. Bronco II Prods. Liab. Litig.*,
　　MDL-991 Section "G," 1996 U.S. Dist. LEXIS 6769 (E.D. La. May 16, 1996) . . . . . . 13

*Freitas v. First N.H. Mortg. Corp.*,
  No. 98-211ML, 1998 U.S. Dist. LEXIS 15698 (D.R.I. July 23, 1998) . . . . . . . . . . 11, 13

*Gattegno v. Sprint Corporation*,
  297 F. Supp. 2d 372 (D. Mass. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 14

*General Motors Corp. Engine Interchange Litigation*,
  594 F.2d 1106 (7th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gilman v. BHC Sec.*,
  104 F.3d 1418 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Grotzke v. Kurz*,
  887 F. Supp. 53 (D.R.I. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hairston v. Home Loan and Inv. Bank*,
  814 F. Supp. 180 (D. Mass. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hankins v. Pfizer, Inc.*,
  CV 05-1797 ABC (Rzx) (C.D. Cal. March 25, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hardy v. Green*,
  277 F. Supp. 958 (D. Mass 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Knudsen v. Liberty Mutual Insurance Company*,
  No. 05-8010, 2005 U.S. App. LEXIS 10440 (7 Cir. June 7, 2005) . . . . . . . . . . . . . . . . 7

*Korean Air Lines Disaster*,
  829 F.2d 1171 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Laughlin v. Kmart Corp.*,
  50 F.3d 871 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Lonnquist v. J.C. Penny Co.*,
  421 F.2d 597 (10th Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Lott v. Pfizer, Inc.*,
  No. 05-cv-0230-MJR (S.D. Ill. April 7, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Martin v. Franklin Cap. Corp.*,
  251 F.3d 1284 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*McGettigan v. Ford Motor Co.*,
    265 F. Supp.2d 1291 (S.D. Ala. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Morris v. Pfizer, Inc.*,
    No. 05-113-GPM (S.D. Ill. Apr. 21, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*National Organization for Women v. Mutual of Omaha Insurance Co.*,
    612 F. Supp. 100 (D.D.C. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Nett v. Belucci*,
    774 N.E. 2d. 130 (Mass. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*O'Keefe v. Mercedes-Benz United States, LLC*,
    214 F.R.D. 266 (E.D. Pa. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Owens v. Amtrak*,
    1998 Mass. Super. LEXIS 483 (Mass. Super. Ct. 1998). . . . . . . . . . . . . . . . . . . . . . . . . 4

*Pritchett v. Office Depot, Inc.*,
    360 F. Supp. 2d 1176 (D. Col. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

*Pritchett v. Office Depot, Inc.*,
    404 F. 3d 1232 (10th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

*Schroeder v. Trans World Airlines, Inc.*,
    702 F.2d 189 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Schwiesow v. Winston Furniture Co.*,
    74 F. Supp. 2d 544 (M.D.N.C. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Shazes v. Sylvan Pools, Inc.*,
    No. 87-4324, 1988 U.S. Dist. LEXIS 194 (E.D. Pa. Jan. 14, 1988) . . . . . . . . . . . . . . . 9

*Smith & Loveless, Inc. v. Caicos Corp.*,
    No. 04-2384-CM, 2004 U.S. Dist. LEXIS 27871 (D. Kan. 2004) . . . . . . . . . . . . . . . . 12

*Smith v. Pfizer, Inc.*,
    Case No. 05 cv-0112-MJR at 9 (S.D. Ill. March 24, 2005) . . . . . . . . . . . . . . . . . . . . . . . 7

*Sneddon v. Hotwire, Inc.*,
    Nos. 05-0951, 05-0952, 05-0953, 2005 U.S. Dist. LEXIS 13257,
    (N.D. Cal. June 29, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Snow v. Ford Motor Co.*,
    561 F.2d 787 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Spielman v. Genzyme Corp.*,
    251 F.3d 1 (1st Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-16

*Tremblay v. Philip Morris, Inc.*,
    231 F. Supp. 2d 411 (D.N.H. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Waters v. Earthlink, Inc.*,
    No. 02-1385, 2003 U.S. App. LEXIS 22424 (1st Cir. Oct. 31, 2003) . . . . . . . . . . . . . 15

*Williams v. America Online, Inc.*,
    Civil Action. No. 00-10694-GAO (D. Mass. Aug. 10, 2000) . . . . . . . . . . . . . . . 13, 14, 16


**STATUTES AND RULES**

15 U.S.C. § 2301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

15 U.S.C. § 2310(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9, 10

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

M.G. L. Ch.106, § 2-302 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Mass. R. Civ. P. 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

Fed. R. Civ. P. 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**INTRODUCTION**

Plaintiffs, Anthony Natale, Jr. and John Burns, submit this memorandum in support of their Motion to Remand this case to the Superior Court for Essex County, Massachusetts, where jurisdiction is proper.  This action was initially filed in the Essex County Superior Court on February 11, 2005.  Plaintiffs seek relief from GM for breach of express warranty, breach of implied warranties, unjust enrichment, reformation of warranty pursuant to M.G. L. Ch.106, § 2-302, and breach of the written warranty under the Magnuson-Moss Warranty Act pursuant to 15 U.S.C. § 2301 et. seq.  (Complaint, at 10-15; Amd. Compl. at 10-15).  Defendant General Motors Corporation (hereafter "GM") filed a Notice of Removal in this Court on June 3, 2005 (the "Notice").  As demonstrated herein, GM's Notice repeatedly misstates both the laws of Massachusetts and the procedural law of the First Circuit and this motion must be remanded to the Essex County Circuit Court.

GM asserts that this Court has federal question jurisdiction, pursuant to 15 U.S.C. § 2310 et. seq., because Plaintiffs allege a violation of the Magnuson-Moss Warranty Act (hereafter "Warranty Act") (Notice ¶¶ 22-28).  However, GM intentionally ignores the explicit limitation of the Warranty Act, specifically 15 U.S.C § 2310(d)(3)(C), which states that federal jurisdiction cannot exist if an action is brought as a **_class action_** and the number of **_named plaintiffs is less than one hundred_**. § 2310(d)(3)(C) (emphasis added).  Therefore, GM cannot satisfy its burden of showing federal question jurisdiction.

GM also asserts diversity jurisdiction, pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act ("CAFA").  CAFA applied only to cases commenced on or after February 18, 2005.  Nevertheless, GM argues that CAFA applies to this matter, which was filed in state court before

CAFA's effective date, because it was not served until after CAFA's effective date. GM claims that a case is not "commenced" in Massachusetts until it is served on the defendant. However, Massachusetts law is crystal clear that a case is "commenced" when filed, not when it is served. The case relied upon by Defendant was made irrelevant over thirty years ago when the Massachusetts Rules of Civil Procedure became law. In addition, that case actually contradicts Defendant's argument, as it *rejected* the argument Defendant makes here. GM also argues that a case is not "commenced" for CAFA's purposes until it is removed to federal court, but as explained below, this argument has been rejected by every federal court to consider it, including the U.S. Courts of Appeal for the Seventh and Tenth Circuits.

Defendant also alleges that the diversity jurisdiction statute is satisfied, claiming that this action satisfies the jurisdictional amount threshold because the cost of complying with the request for injunctive relief will exceed $75,000, and because Plaintiffs' class wide claims for attorney fees should be attributed to the named plaintiffs only. *Id.* ¶¶ 27, 29-30. First, GM's argument fails because it offers no facts to carry its burden of proving, by a preponderance of the evidence, that the $75,000 threshold is met. Second, GM incorrectly applies the law of the Seventh Circuit to this analysis, only because that is the Circuit where GM would like this case to be transferred. The law in this jurisdiction directly contradicts Defendant's arguments, and holds that: (1) injunctive relief should be valued only from the plaintiff's viewpoint; and (2) aggregation of class members' claims, or aggregation of attorneys fees, is not allowed in order to meet the jurisdictional minimum.

GM has twice before attempted to remove similar DEXCOOL-based cases to the District of Massachusetts, raising the same arguments, and both cases were remanded. Judge Lindsay

rejected GM's same diversity arguments in *Auerbach v. General Motors Corporation*, No. 01-11723-RCL (D. Mass. July, 2003) (copy attached as Ex. A). Judge Stearns denied GM's very same arguments for federal jurisdiction under the Warranty Act in *Corkery v. General Motors Corporation*, No. 03-11890, Order dated November 12, 2003 (D. Mass.) (copy attached as Ex. B).[1] This Court must therefore reject GM's efforts to take a third bite at the apple, and should grant Plaintiff's motion to remand.

## ARGUMENT

## I.   DEFENDANT HAS THE BURDEN OF PROOF TO ESTABLISH REMOVAL JURISDICTION

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removal statute is to be strictly construed and any doubts about the propriety of removal are to be resolved against the removal of an action. *See*, *e.g., BIW Deceived v. Local S6*, 132 F. 3d 824, 831 (1st Cir. 1997); *Alshrafi v. American Airlines, Inc.*, 321 F.Supp. 2d 150, 153 (D. Mass. 2004). The party seeking removal has the burden of demonstrating the existence of federal jurisdiction. *BIW Deceived*, 132 F. 3d at 831; *Alshrafi*, 321 F.Supp. 2d at 153; *Gattegno v. Sprint Corporation*, 297 F. Supp. 2d 372, 374 (D. Mass. 2003). In this case, GM has thoroughly failed to establish the necessary predicates to federal jurisdiction.

## II.   CAFA DOES NOT APPLY TO THIS CASE

Defendant attempts to remove this matter to federal court through the relaxed jurisdictional provisions of CAFA. CAFA applies only to actions "commenced" on or after its

---

[1] Defendant inadvertently mis-identified the docket number of the *Corkery* matter, transposing the numbers 8 and 9. (Notice ¶ 26, n. 3).

effective date of February 18, 2005.  109 P.L. 2, Sec. 9.  Defendant concedes that this case was

"initiated" with the filing of a complaint in the Superior Court for Essex County, Massachusetts,

on February 11, 2005.  (Notice ¶ 3).  However, Defendant believes that this matter is nevertheless

subject to the removal provisions of CAFA, arguing that in Massachusetts, a case is not

"commenced" until it is not only filed, but also **served** upon the defendant. (Notice ¶ 19).

This argument is ridiculous.  The Massachusetts Rules of Civil Procedure state that "A

civil action is **commenced** by (1) mailing to the clerk of the proper court by certified or registered

mail a complaint and an entry fee prescribed by law, or (2) filing such complaint and an entry fee

with such clerk."  Mass. R. Civ. P. 3 (emphasis added).[2]  The rule does not list service as a

prerequisite to commencement of an action, and Massachusetts case law confirms that service is

not required to "commence" an action.  *Ahern v. Warner*, 16 Mass. App. Ct. 223, 227 (Mass.

App. Ct. 1983) ("Ordinarily an action is not automatically barred by the statute of limitations if

the complaint is timely filed but service of process occurs after the limitation period . . .  Mass.

R. Civ. P. 3, as amended, provides that an action commences upon the mailing or filing of the

complaint.")

Defendant cites a single case, from the Massachusetts federal district court, for its

proposition that a case is not commenced in Massachusetts until service on the defendant is

complete: *Hardy v. Green*, 277 F. Supp. 958 (D. Mass 1967).  Defendant has apparently not read

*Hardy* very closely.  First, *Hardy* was decided under an outdated rule.  The Massachusetts Rules

---

[2] "Rule 3 should be construed in light of Rule I which provides that the Rules 'shall be construed to secure the just . . . determination of every action.'  The spirit of the Rules favors decisions on the merits, not technicalities, unless the result would be prejudicial to the other party."  No. 94-7444, *Owens v. Amtrak*, 1998 Mass. Super. LEXIS 483, at *6 (Mass. Super. Ct. 1998).

of Civil Procedure became law in 1974, several years after *Hardy* was decided. *Big D Carpets v.*

*Welch Group*, 37 Mass. App. Ct. 312, 313 (Mass. App. Ct. 1994). As explained in the

Reporter's notes to Mass. R. Civ. P. 3, the new rule "drastically" altered Massachusetts practice:

> Rule 3, substantially enlarges Federal Rule 3, and drastically alters prior
> Massachusetts practice, by eliminating the trifurcation of delivery to an officer,
> service, and "entry." Henceforth, an action is considered commenced, for all
> purposes, including the applicable statute of limitations, when either the plaintiff
> mails to the clerk the complaint and any required entry fee, or the clerk receives
> the complaint and the fee . . .

Reporters' Notes to Mass. R. Civ. P. 3 (1973). Under the practice at the time *Hardy* was decided,

"the execution and service of the writ were an integral part of the commencement of the action,

necessary to vest the court with jurisdiction." *Big D Carpets*, 37 Mass. App. Ct. at 313-314.

This is no longer the case:

> The procedural landscape was drastically altered in the 1970's by the adoption of
> the Massachusetts Rules of Civil procedure. Writs and ad damnums were
> abolished; ***all that is now required, in the usual case, to commence a civil action
> and vest the court with jurisdiction is to file the complaint in court with the
> required entry fee.*** Deficiencies thereafter, as in service of appropriate process,
> are important and may be ground for dismissal, but they do not deprive the court
> of jurisdiction.

*Id.* at 312, 314 (citing Mass. R. Civ. P. 3) (emphasis added).

In addition, even if the rule had not changed, *Hardy* still directly contradicts the argument

made here by the Defendant. In *Hardy*, the defendant argued, just as GM does here, that an

action was not commenced for limitations purposes until service on the defendant was complete.

*Id.* at 959-60. The court **rejected** this argument, and held that the case had been timely

commenced when the summons was "delivered" to the office of the U.S. Marshal two days after

the action was filed. *Id.* at 962. Contrary to Defendant's argument, the case was not found to be

commenced only upon service on the defendant two days after delivery to the Marshall, which would have rendered the case untimely. *Id.*

Defendant also cites *Nett v. Belucci*, 774 N.E. 2d. 130 (Mass. 2002), but Plaintiff is at a loss to understand how this case supports Defendant's argument. In *Nett*, the plaintiff filed a motion for leave to file an amended complaint to add a defendant, and the motion was eventually granted. *Id.* at 133. The question certified to the Supreme Judicial Court was whether the operative date for the filing of that complaint (for statute of repose purposes) was the date the motion for leave was filed, or the ***later*** date when the complaint was accepted by the court. *Id.* at 131. The Court chose the ***earlier*** of these dates, when the motion for leave was filed. *Id.* at 132. Contrary to GM's assertion, the Court was not asked to consider whether the date of the ***original*** complaint should be the operative date. (*See* Notice ¶ 19, Defendant's characterization of the holding in *Nett*).

Defendant also claims that CAFA applies because a case is not commenced for CAFA's purposes until it is ***removed*** from state court to federal court. (Notice ¶ 19, n.2). Again, this argument contradicts the plain language of the modern rules of civil procedure, under which the *filing* of a case commences the action. Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Mass. R. Civ. P. 3 ("A civil action is commenced by . . . filing such complaint and an entry fee with such clerk."). Moreover, this very argument has been raised at least ten times in federal courts after the passage of CAFA, including the Seventh and Tenth Circuit Courts of Appeal, and ***it has been rejected each time***. *Pritchett v. Office Depot, Inc.*, 360 F. Supp. 2d 1176 (D. Col. 2005) ("Consequently, the Act does not apply to cases, such as this one, commenced prior to February 18, 2005."), affirmed, 404 F. 3d 1232 (10th Cir. 2005)

("[b]ecause we conclude that removal to federal court does not 'commence' an action for the purposes of the Class Action Fairness Act of 2005, the district court's remand order is AFFIRMED"); *Knudsen v. Liberty Mutual Insurance Company,* No. 05-8010, 2005 U.S. App. LEXIS 10440, at *2-3 (7 Cir. June 7, 2005) (*". . . Pritchett* concluded that a civil action is 'commenced' . . . when it is filed in state court and not when some later step occurs in its prosecution. Equating filing with commencement is the norm in civil practice."); *Sneddon v. Hotwire, Inc.*, Nos. 05-0951, 05-0952, 05-0953, 2005 U.S. Dist. LEXIS 13257, at *6-7 (N.D. Cal. June 29, 2005) ("So far as this Court is aware, all courts which have addressed this issue under CAFA have held that the commencement of an action refers to the date the action is filed in state court, not when the case is removed to federal court."); *Bush v. Cheaptickets*, No. CV 05-2285, 2005 U.S. Dist. LEXIS 14583 at *5 (C.D. Cal. May 9, 2005) ("Given the Act's plain language and legislative history, this Court agrees with the Tenth Circuit that the word 'commenced' in section 9 of the Act refers to the date the complaint is filed, not the date of its removal."); *Hankins v. Pfizer, Inc.,* CV 05-1797 ABC (Rzx) (C.D. Cal. March 25, 2005) (Ex. C hereto, at 3 ) ("[r]emoving defendants cannot rely on diversity conferred by CAFA, which was not enacted at the time the state action was filed"); *Smith v. Pfizer*, *Inc.*, Case No. 05 cv-0112-MJR (S.D. Ill. March 24, 2005) (Ex. D hereto, at 9) ("[t]his Court rejects Pfizer's argument that 'commenced' means the date the case reached federal court (*i.e.*, the date a case was removed) rather than the date the complaint was filed"); *Lott v. Pfizer, Inc.*, Case No. 05-cv-0230-MJR (S.D. Ill. April 7, 2005) (Ex. E hereto, at 4) (same); *In re Expedia Hotel Taxes and Fees Litigation*, No. C05-0365C (W.D. Wash. April 15, 2005) (Ex. F hereto, at 2-3) (remand appropriate where "[t]he suits giving rise to this consolidated action were all filed [in state court]

before CAFA's effective date."); *Morris v. Pfizer, Inc.,* No. 05-113-GPM (S.D. Ill. Apr. 21, 2005) (same) (Ex. G hereto, at 4-5)

Citing the clear legislative history and the plain language of the relevant procedural rules, each of these decisions held that the term "commenced" in Section 9 of CAFA refers to the date the action was first filed in state court. As explained in *Sneddon*, "[t]his Court concludes the legislative history clearly supports an inference that CAFA does not apply to cases filed before February 18, 2005 . . . If the legislature intended that CAFA apply to cases filed before the enactment date, it would have said so, and would likely have enacted the retroactive House bill, H.R. 516, or some other statute." *Sneddon*, 2005 U.S. Dist. LEXIS 13257, at *7-8. (citations omitted). The cases cited by Defendant on this point address the impact of different jurisdictional provisions, not CAFA. (Notice ¶ 19, n.2).

## III.  THE MAGNUSON-MOSS WARRANTY ACT EXPRESSLY PRECLUDES FEDERAL QUESTION JURISDICTION WHERE NAMED PLAINTIFFS IN A CLASS ACTION NUMBER LESS THAN ONE HUNDRED

GM alleges that the action is removable under the Warranty Act because Plaintiffs' individual claims are in excess of $25 and the remedies requested would in aggregate exceed $50,000. (Notice ¶ 23). Notwithstanding the fact that GM has failed in its burden of showing that the amount in controversy exceeds $50,000 pursuant to § 2310(d)(3)(B), GM intentionally neglects to apprise the Court that a third explicit prerequisite to the Warranty Act must exist for federal question jurisdiction to be satisfied. ***In order for federal question jurisdiction to exist in a class action under the Warranty Act, there must be one hundred named plaintiffs***. 15 U.S.C. § 2310(d)(3)(C).

The Warranty Act states that no claim shall be cognizable in a suit brought in the district court of the United States:

(A)     if the amount in controversy of any individual is less than the sum or value of $25;

(B)     if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit; or

(C)     if the action is brought as a *class action*, and the number of *named plaintiffs* is less than *one hundred*.

15 U.S.C. § 2310(d)(1)(3) (emphasis added).

Jurisdictional prerequisites for an action under the Warranty Act are written as disjunctive, whereby all three subsections of 15 U.S.C. § 2310(d)(3) must be satisfied. *Critney v. Nat'l City Ford, Inc.,* 255 F.Supp.2d 1146, 1148 (S.D. Ca. 2003) ("An MMWA suit that does not satisfy the three requirements must be litigated in state court."); *Schwiesow v. Winston Furniture Co.*, 74 F. Supp. 2d 544, 546 (M.D.N.C. 1999) ("Thus, to vest a United States District Court with jurisdiction of a class action under the Act, all three requirements set out in section 2310(d)(3) must be met."); *Shazes v. Sylvan Pools, Inc.*, No. 87-4324, 1988 U.S. Dist. LEXIS 194, at *6 (E.D. Pa. Jan. 14, 1988) (same).

In this case, where there are only two named plaintiffs, the Warranty Act does not confer federal subject matter jurisdiction. *Carlson v. General Motors Corp.*, 883 F.2d 287, 289 (4th Cir. 1989) ("A trial court may certify a Magnuson-Moss class action only if there are, at the time of certification, at least 100 named plaintiffs left in the case."); *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106 (7th Cir.1979) *cert. denied* 444 U.S. 870 (1979) (in meeting jurisdictional amounts necessary to maintain class action, 100 or more plaintiffs

requirement remains substantial barrier in order to prevent trivial and insignificant class actions from being brought in federal courts); *O'Keefe v. Mercedes-Benz United States, LLC*, 214 F.R.D. 266, 286 (E.D. Pa. 2003) ("In order for a United States court to have jurisdiction over a Magnuson-Moss claim, there must $ 50,000 or more in dispute between the parties **and** over one hundred named plaintiffs.") (emphasis added) (citing 15 U.S.C. § 2310(d)(3)); *McGettigan v. Ford Motor Co.*, 265 F. Supp.2d 1291, 1297 (S.D. Ala. 2003) ("The Warranty Act states that any claim brought under its provision may only be heard exclusively in state court if the action is brought as a class action, and the number of named plaintiffs is less than one hundred."); *Schwiesow*, 74 F. Supp. 2d at 547 ("[F]or a federal court to have jurisdiction under section 2310(d)(3)(C) of the Magnuson-Moss Warranty Act, the one hundred plaintiffs must be named in the complaint and must exist at the time the petition for removal is filed."); *In re Cordis Corp. Pacemaker Product Liability Litigation*, 1992 U.S. Dist LEXIS 22612, at *18 (S.D. Ohio 1992) ("[A] class action for violation of the Act cannot be brought in a United States District Court if the number of named plaintiffs is less than 100.").

Because there are not one hundred named plaintiffs, the Warranty Act expressly precludes this Court's exercise of federal jurisdiction. Any other application would render the jurisdictional limitations of § 2310(d)(3) meaningless.

## IV.    DEFENDANT HAS NOT ESTABLISHED THE NECESSARY AMOUNT IN CONTROVERSY

GM seeks to establish both the $50,000 jurisdictional threshold under the Warranty Act and the $75,000 threshold under the federal diversity statute by relying upon Plaintiffs' claims for injunctive relief. (Notice ¶ 24, 26, 30). As established above, federal jurisdiction does not lie

under the Warranty Act, so GM must meet the requirements of the federal diversity statute by establishing that the amount in controversy exceeds $75,000 for one of ***the named plaintiffs***. *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S. Ct. 2611, 162 L. Ed. 2d 502, 515 (2005). Defendant has the burden of making this showing by a preponderance of the evidence. *Doughty v. Hyster New Eng., Inc.*, 344 F. Supp. 2d 217, 219 (D. Me. 2004) ("[D]istrict courts in this circuit have required the defendant to show by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.") (citing *Evans v. Yum Brands*, Inc., 326 F. Supp. 2d 214, 219-20 (D.N.H. 2004)); *Tremblay v. Philip Morris, Inc.*, 231 F. Supp. 2d 411, 414 n.2 (D.N.H. 2002) ("In the majority of circuits that have addressed this question, 'courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence.'") (quoting *Martin v. Franklin Cap. Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)); *Freitas v. First N.H. Mortg. Corp.*, No. 98-211ML, 1998 U.S. Dist. LEXIS 15698, at *8 (D.R.I. July 23, 1998) (granting remand after applying preponderance of the evidence standard).

First, Defendant does not even come close to meeting its burden on this point, merely making conclusory statements that the amount in controversy "could well" meet these thresholds. (Notice ¶ 24). This is not nearly enough to meet its burden of proving, by a preponderance of evidence, "actual facts" sufficient to support an argument that the claim of ***one of the named plaintiffs*** exceeds $75,000. These facts must appear in the notice of removal itself, and not in some later pleading. *Dix v. ICT Group, Inc.*, NO. CS-03-0315-LRS, 2003 U.S. Dist. LEXIS 21679, at *8 (D. Wash. 2003) ("Defendants bear the burden of proving, by a preponderance of evidence, actual facts sufficient to support jurisdiction . . . . such facts must appear in the notice of removal.") (citing *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983)).

*See also  Smith & Loveless, Inc. v. Caicos Corp.*, No. 04-2384-CM, 2004 U.S. Dist. LEXIS

27871, at *7 (D. Kan. 2004) ("The burden is on the party requesting removal to set forth, ***in the***

***notice of removal itself***, the 'underlying facts supporting [the] assertion that the amount in

controversy exceeds [$ 75,000].'") (quoting *Laughlin v. Kmart Corp*., 50 F.3d 871, 873 (1995));

*Flowers v. EZPawn Okla., Inc.*, 307 F. Supp. 2d 1191, 1201 (N.D. Okla. 2003) ("Because

jurisdiction is determined at the time of the notice of removal, the movant must meet its burden

in the notice of removal, not in some later pleading.") (quoting *Coca-Cola Bottling of Emporia,*

*Inc. v. South Beach Beverage Co., Inc.,* 198 F. Supp.2d 1280, 1283 (D. Kan. 2002)).

 In addition, GM asserts that the amount in controversy requirement is satisfied because its

costs to comply with Plaintiffs' requests for injunctive relief "could" exceed these amounts.

(Notice ¶ 24).  GM therefore incorrectly focuses on the cost of injunctive relief to the defendant,

instead of the value of such relief to each class member.  (Notice ¶ 26).  District Courts in the

First Circuit have repeatedly held that the "plaintiff's viewpoint" governs satisfaction of the

amount in controversy for federal jurisdiction, particularly in class actions.[3]  In *Ferris v. General*

*Dynamics Corp*., 654 F. Supp. 1354 (D.R.I. 1986), while the court noted that there are some

circumstances in which the amount in controversy could be determined from the defendant's

viewpoint, it was adamant that the defendant's viewpoint cannot properly be used in class

actions. 654 F. Supp. at 1362-63.[4]  *See also Hairston v. Home Loan and Inv. Bank*, 814 F.Supp.

---

[3] "A strong argument can be fashioned that the Supreme Court has adopted the plaintiff viewpoint rule, at least in most diversity class actions." 15 Moore's Federal Practice, § 102.109 [3] n.6 (Matthew Bender 3d ed.).

[4] Courts in other jurisdictions also disallow the use of the defendant's viewpoint in class actions. *See Bassett v. Toyota Motor Credit Corp.*, 818 F. Supp. 1462, 1465-1468 (S.D. Ala. 1993); *Averdick v. Republic Financial Services, Inc.*, 803 F. Supp. 37, 43-44 (E.D. Ky. 1992); *Snow v. Ford Motor Co.*, 561 F.2d 787, 790 (9th Cir. 1977); *Lonnquist v. J.C. Penny Co.*, 421 F.2d 597, 599 (10th Cir. 1970); *National Organization for Women v. Mutual of Omaha Insurance Co.*, 612 F. Supp. 100, 107-08 (D.D.C. 1985); *Brechbill v. Diners Club, Inc*., 80 F.R.D.

180, 182 (D. Mass. 1993) (rejecting the use of defendant's viewpoint approach in a class action);

*Grotzke v. Kurz*, 887 F. Supp. 53, 56 (D.R.I. 1995); *Freitas*, 1998 U.S. Dist. LEXIS 15698, at

*14 (rejecting the use of defendant's viewpoint approach in a class action)

A decision in this District rejected similar arguments advanced by GM here, and followed

the plaintiffs' viewpoint. *Williams v. America Online, Inc.*, Civil Action. No. 00-10694-GAO (D.

Mass. August 10, 2000) (copy attached as Ex. H). In *Williams*, Judge O'Toole held that "the

valuation of injunctive relief should be done from the perspective of the plaintiff and where there

are multiple plaintiffs with individual claims, the rule of aggregation requires the valuation to be

made individually for each plaintiff." *Id.* at 2.

Defendant argues vainly that this Court should look to the Defendant's viewpoint,

applying the law of the Seventh Circuit to this analysis, because Defendant is attempting to

transfer this matter to that Circuit. (Notice ¶ 26). However, in support of applying Seventh

Circuit law, Defendant cites cases where a court was determining the amount in controversy ***after***

a transfer had been made. (Notice ¶ 26, citing *In re Bridgestone/Firestone, Inc. v. Ford Motor*

*Co.,* 129 F. Supp. 2d 1202, 1203-1204 (S.D. Ind. 2001) (case had been transferred from

California to an MDL in the Southern District of Indiana); *In re Korean Air Lines Disaster,* 829

F.2d 1171, 1172 (D.C. Cir. 1987) (cases had been transferred and consolidated in the District of

Columbia); *In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, MDL-991 Section "G," 1996

U.S. Dist. LEXIS 6769, at *1 (E.D. La. May 16, 1996) (cases had been transferred from Eastern

District of Missouri)). None of these cases compelled a district court to decide these issues under

---

486, 488 (W.D. Pa. 1978); *Barton Chemical Corp. v. Avis Rent A Car System, Inc.*, 402 F. Supp. 1195, 1197-98
(N.D. Ill. 1975).

the law of a Circuit other than its own.  Rather, these decisions merely allowed the transferor

court, where the actions were already pending, to apply its own law.  Obviously, this case has not

yet been transferred and therefore these cases are inapposite.  This Court is bound by the law of

the First Circuit, where the vast majority of courts have followed the "plaintiffs' viewpoint" rule

in valuing injunctive relief.

GM also attempts to aggregate the claims of the class members in order to meet the

jurisdictional threshold.  (Notice ¶ 27).  The Supreme Court has repeatedly held, in the class

action context, that the claims of class members, including attorney's fees, cannot be aggregated

for the purpose of satisfying the jurisdictional amount.  *Exxon Mobil Corp.*, 2005 U.S. LEXIS

5015 at *3.  ([I]n . . . class actions, we have unyieldingly adhered to the nonaggregation rule . . .")

(citing *Clark v. Paul Gray, Inc.*, 306 U.S. 583, 589 (1939).  *See also Crawford v. F. Hoffman-La

Roche Ltd.,* 267 F.3d 760, 765 (8th Cir. 2001) (holding that the potential amount of recovery of

attorney fees must be divided between the members of the class for purposes of determining the

amount in controversy); *Gattegno v. Sprint Corp.*, 297 F. Supp. 2d 372, 377 (D. Mass. 2003,

Keeton, S.D.J.) (stating, in a case seeking disgorgement on behalf of a class: "As a general rule,

the amount-in-controversy for a federal diversity jurisdiction may not be met by aggregating the

claims of the members of a class.") (citing *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir.

2001)); *Ciardi v. F. Hoffmann-La Roche, Ltd.*, No. 99-11936, 2000 U.S. Dist. LEXIS 1483, at

*5, n.1 (D. Mass. 2000) (Massachusetts law does not permit defendants to evade the anti-

aggregation rule); *Williams*, (Ex. H hereto, at 2) (rule against aggregation requires valuation of

injunctive relief be made individually for each plaintiff).

The type of aggregation sought here is only permissible in the unusual case where class members have a "common and undivided interest" in the claim. *Ciardi*, 2000 U.S. Dist. LEXIS 1483, at *5, n.1. "Such might be the case where a group of plaintiffs seek to enforce a common right." *Id.* (citing *Dierks v. Thompson*, 414 F.2d 453, 456 (1st Cir. 1969)). Obviously, most class actions seek the creation of some type of common fund, but that does not necessarily translate into a "common and undivided interest." Common funds are "created to facilitate the litigation process in virtually every class action, and ha[ve] nothing necessarily to do with whether the plaintiffs shared a pre-existing (prelitigation) interest in the subject of the litigation." *Gilman v. BHC Sec.*, 104 F.3d 1418,1427-1428 (2d Cir. 1997).

In the case at bar, Plaintiff does not seek disgorgement of any specific, identifiable existing fund, but rather the creation of a common fund as a result of the class members' existing claims. Therefore, the narrow exception allowing aggregation of class members' claims does not apply here, and Defendant is unable to establish that the amount in controversy has been met.

GM also argues that attorneys fees should be attributed only to the named plaintiffs for purposes of the amount in controversy calculation, citing to cases from the Fifth and Eleventh Circuits. (Notice ¶ 27). This assertion directly contradicts the law in this jurisdiction. First of all, in this Circuit, "[n]ormally, attorney's fees are excluded from the amount-in-controversy determination." *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001). *See also Waters v. Earthlink, Inc.*, No. 02-1385, 2003 U.S. App. LEXIS 22424 (1st Cir. Oct. 31, 2003) ("After all, the amount-in-controversy must be satisfied independent of other plaintiffs' claims or any attorneys' fees to which the class may be statutorily entitled.") (citing *Spielman*). In addition, even where consideration of attorney's fees is appropriate in determining the amount in

controversy, the First Circuit has expressly rejected the attribution of all attorneys fees to the named plaintiff. *Spielman*, 251 F.3d at 10 ("[W]e reject [Plaintiff's] argument that Chapter 93A's authorization of attorney's fees requires that such fees be aggregated to the named plaintiff for purposes of determining federal jurisdiction."). *See also Ciardi*, 2000 U.S. Dist. LEXIS 1483, at *5 (citing cases); *Spielman v. Genzyme Corporation*, 193 F.R.D. 19, 22 (D. Mass. 2000) (attorneys' fees must be divided pro rata among all members of putative class); *Williams*, (Ex. H hereto, at 2) ("Even if there were to be an additional assessment for attorneys' fees, it would have to be prorated across the membership of the class, as required by the anti-aggregation principle").

## V.    THERE IS NO SUPPLEMENTAL JURISDICTION OVER THE REMAINING CLAIMS

GM asserts that supplemental jurisdiction exists over the remaining claims under 28 U.S.C. § 1367(a). (Notice ¶ 31-34). Because, as explained above, this Court does not have subject matter jurisdiction over any of the claims raised, the Court does not have supplemental jurisdiction over Plaintiffs' state law claims, or the claims of absent class members.

## **CONCLUSION**

As Plaintiffs have demonstrated, GM blatantly ignores the explicit provisions of the Warranty Act and the overwhelming weight of legal authority in the First Circuit when removing this case. For the reasons stated herein, Plaintiffs' Motion to Remand should be granted.

Dated: July 26, 2005

Respectfully submitted,

/s/ Kenneth G. Gilman
Kenneth G. Gilman, BBO #192760
David Pastor, BBO #391000
Douglas J. Hoffman, BBO #640472
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Tel: (617) 742-9700

**ATTORNEYS FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEFF AUERBACH, and<br>ANN DITONDO, on behalf of<br>themselves and all others<br>similarly situated, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Civil Action No. 01-11723-RCL |
| GENERAL MOTORS<br>CORPORATION, | )<br>)<br>) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR REMAND

LINDSAY, District Judge.

This is an action filed by Jeff Auerbach and Ann Ditondo (the "Plaintiffs") on behalf of

Massachusetts residents who purchased Chevrolet Malibu vehicles for model years 1997 through

2001 (the "Class"). The plaintiffs originally filed this action against General Motors Corporation

("GM" or the "Defendant") in Middlesex Superior Court. GM subsequently removed the action

to this court pursuant to 28 U.S.C. §§1441 and 1446, asserting diversity jurisdiction under 28

U.S.C. §1332. The plaintiffs have moved for a remand of the action and contend that this court

lacks jurisdiction because the dispute does not satisfy the $75,000 jurisdictional amount under 28

U.S.C. §1332. The motion to remand is GRANTED.

### Discussion

It is well settled that a federal court must determine any threshold issue of subject-matter

jurisdiction before conducting any further proceedings in an action pending before the court. *See,*

*e.g., Steel Company Citizens for a Better Environment*, 523 U.S. 83, 94 (1998); *Danca v. Private*

*Health Care Systems, Inc.*, 15 F.3d 1, 4 (1st Cir. 1999). Federal courts have original jurisdiction

over civil actions in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332(a). The parties in this matter do not dispute diversity of citizenship.[1] Consequently, the only question before the court is whether the amount in controversy exceeds $75,000 as required for diversity jurisdiction.[2]

The party seeking to litigate in federal court bears the burden of establishing federal subject matter jurisdiction. *See McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). Generally, the plaintiff's allegation of the damages is controlling if the claim is appears to be in good faith. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Where a damages allegation is challenged, however, the court must examine whether, "from the face of the pleadings," it is apparent to a legal certainty that the plaintiff could not recover, or was never entitled to recover, the amount claimed. *See id.* at 289; *Dep't of Recreation and Sports v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir. 1991). The court must look to the circumstances at the time the complaint was filed in order to determine whether a party has met the amount-in-controversy requirement. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001); *Coventry Sewage Ass'n v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir. 1995). Specifically, the First Circuit has held that courts should examine the plaintiffs' claims "from the face of the complaint at the time the petition for removal was filed." *See Ching*

---

[1] The parties stipulate that the plaintiffs are citizens of Massachusetts and that GM is a corporation organized and existing under the laws of Delaware, maintaining a principal place of business in Michigan. *See* Defendant's Notice of Removal ¶2.

[2] Although the plaintiffs filed this action as a class action, the class has not been certified yet. The First Circuit, however, has held that, "[d]uring the period between the commencement of a suit as a class action and the court's determination that it may be so maintained, the suit should be treated as a class action." *See Doucette v. Ives*, 947 F.2d 21, 30 (1st Cir. 1991). Thus, for the purposes for analyzing the amount in controversy, I will treat the Class identified by the plaintiffs as if it has been certified.

*v. Mitre Corp.*, 921 F.2d 11, 13 (1st Cir. 1990). Thus, jurisdiction must be rooted in the pleadings as they existed at the time of removal, and "subsequent changes ... in the amount in controversy neither confer nor devest [sic] it." *See Thresleff v. Harvard Trust Co.*, 154 F.2d 732, 732 n.1 (1st Cir. 1946). In this instance, the defendant GM bears the burden of demonstrating that removal to this court was proper. *See Dep't of Recreation and Sports*, 942 F.2d at 88.

At the time of removal, the original complaint (the "Complaint") contained a single count alleging fraudulent concealment. *See* Complaint at 8. Twelve days *after* the defendant removed, however, the plaintiffs amended the Complaint to include a second count alleging unfair and deceptive trade practices under Mass.Gen.L. ch.93A, directed to GM's manufacturing, designing and testing practices for Malibus.[3] *See* First Amended Complaint (the "Amended Complaint") at 11. Although the parties have proceeded on the basis of the Amended Complaint, I am required to assess the question of the jurisdictional amount based on the claims at the time of removal, or in other words, as they are pleaded in the Complaint.

The parties' pleadings acknowledge that damages in class actions may not be aggregated for the purpose of calculating the jurisdictional amount. *See Snyder v. Harris*, 394 U.S. 332, 339-40 (holding that aggregation is only permitted where parties seek to enforce a single right or title in which they have a common and undivided interest); *Zahn v. International Paper Co.*, 414 U.S. 291, 301 (1973) (ruling that courts may not exercise supplemental jurisdiction over the claims of class action plaintiffs who do not individually meet the jurisdictional minimum). Each individual plaintiff must therefore satisfy the jurisdictional amount for a federal court properly to have jurisdiction over a diversity action.

---

[3] The defendant removed on October 5, 2001. The plaintiffs filed the Amended Complaint on October 17, 2001.

In the Complaint, the plaintiffs and the Class requested relief that included enjoining GM from "pursuing the policies, acts and practices described in [the] Complaint" and "enjoining GM from engaging in deceptive advertising regarding the Malibus." *See* Complaint at 10. The only policy, act or practice alleged to have been wrongful in the Complaint was the fraudulent concealment of defective brakes in Malibu vehicles. The injunctive relief sought, therefore, was confined to a request in substance that GM be prohibited from concealing the deceptive brakes in Malibus. The plaintiffs also requested the disgorgement or imposition of a constructive trust upon GM's excess profits from the sale of defective Malibus, damages related to any unlawful act or practice committed by the defendant, and litigation-related damages for the plaintiffs and the Class. *See id.* The named plaintiffs, Auerbach and DiTondi, claimed, however, damages only for the repair and replacement of the Malibu brakes in their vehicles - - damages totaling $800 and $300, respectively. *See* Am. Comp. ¶¶ 9-10. While the defendant has submitted an affidavit asserting that the injunctive relief commensurate with count II of the Amended Complaint exceeds $75,000, the defendant has not asserted that the plaintiffs' claim that damages for count I do not meet the jurisdictional amount requirement.

I note in passing that district courts in New York and Texas have remanded related cases against GM on the grounds that the plaintiffs' claims similarly did not satisfy the requisite jurisdictional amounts. *See Post v. General Motors Corp.*, No. 01 civ. 9410, 2002 WL1203847; *Garza v. General Motors Corp.*, No. DC-01-231 (Dist. Ct. Duval County, Tex.). The complaints in both cases were substantially similar to the Complaint in the matter at hand, alleging deceptive trade practices and fraudulent concealment by GM. The court does not decide (because there is no need to decide) whether the claims of each individual plaintiff, as pleaded in

4

the Amended Complaint, would satisfy the jurisdictional amount. It is enough to say that the

complaint, as it existed at the time of removal, did not assert damages meeting the jurisdictional

requirement. For that reason, the matter to remove this case to the Middlesex Superior Court is

GRANTED.

So ordered.

/s/ REGINALD C. LINDSAY
United States District Judge

DATED:

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-11890-RGS

ERIN CORKERY and CARL MARTLAND, on behalf
of themselves and all others similarly situated

v.

GENERAL MOTORS CORPORATION

ORDER ON PLAINTIFF'S MOTION TO RECONSIDER DEFERRAL
OF A DECISION ON THEIR MOTION TO REMAND

November 12, 2003

STEARNS, D.J.

I agree with plaintiffs that federal question jurisdiction is precluded by the jurisdiction-limiting effect of 15 U.S.C. § 2310(d)(1)(3)(C), which precludes district court jurisdiction over Magnuson-Moss class actions where the number of named plaintiffs is fewer than one hundred.[1]  Carlson v. General Motors Corp., 883 F.2d 287, 289 n.3 (4th Cir. 1989).[2]  I further agree that the weight of authority in this district favors the proposition that the amount in controversy requirement for diversity jurisdiction is to be viewed from the perspective of the value of the potential relief to the individual class members, and not from the perspective of the cost to the defendant of providing such relief.  Because neither federal question nor diversity

---

[1] A district court may certify a Magnuson-Moss class action only if the named plaintiffs' provision of (C) is satisfied.  This is an independent prerequisite of jurisdiction that is not trumped, as defendant appears to argue, by subsection (B).

[2] See also Critney v. National City Ford, Inc., 255 F. Supp. 2d 1146, 1148 (S.D. Cal. 2003) ("A [Magnuson-Moss] suit that does not comport with the three requirements [of § 2310(d)(1)(3)] must be litigated in state court.").

jurisdiction attaches, the district court's supplemental jurisdiction is beside the point. <u>Ahearn v. Charter Township of Bloomfield</u>, 100 F.3d 451, 456 (6th Cir. 1996).  Plaintiffs having apparently elected to forego the conveniences of a resolution of this dispute under the auspices of the Multidistrict Litigation Panel, they are entitled to proceed in the court in which they chose to bring their claims.  Consequently, the motion to reconsider is <u>ALLOWED</u> and the case is <u>REMANDED</u> to the Middlesex Superior Court.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

Priority ——
Send ——
Enter ——
Closed ——
JS-5/JS-6 ——
JS-2/JS-3 ——
Scan Only ——

ENTERED
CLERK, U.S. DISTRICT COURT

MAR 29 2005

CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY



FILED
CLERK, U.S. DISTRICT COURT

MAR 25 2005

CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| MONICA HANKINS,<br><br>           Plaintiff<br><br>     v.<br><br>PFIZER, INC., et al.,<br><br>           Defendants. | CV 05-1797 ABC (RZx)<br><br>ORDER REMANDING CASE TO STATE COURT<br><br>BC 327641 |

On January 24, 2005, Plaintiff filed a complaint in Los Angeles
County Superior Court against Pfizer, Inc., Pharmacia & Upjohn, Inc.
(a/k/a Pharamacia & Upjohn Co.), and McKesson Corp.  Plaintiff's
complaint alleges a single cause of action, namely, state law unfair
competition.  On March 11, 2005, Pfizer, Inc., Pharmacia & Upjohn,
Inc. (a/k/a Pharamacia & Upjohn Co.) (together, "Removing Defendants")
removed the action to this Court on the basis of diversity
jurisdiction.[1]

---

[1] Removing Defendants do not assert that the Court has federal
question jurisdiction, as Plaintiff's complaint involves a single
state law claim.

Federal courts have jurisdiction under 28 U.S.C. § 1332(a) where an action is between citizens of different states and the amount in controversy exceeds $75,000.  The removal statutes are to be strictly construed; there is an inherent "'strong presumption' against removal jurisdiction." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992)(quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)).  On February 18, 2005, the Class Action Fairness Act ("CAFA") was passed creating federal diversity jurisdiction where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . .(A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2).

Although Plaintiff initiated this action on January 24, 2005, well before the enactment of CAFA on February 18, 2005, Removing Defendants assert that CAFA governs.  In support of this argument, Removing Defendants cite Hunt v. Transport Indemnity Ins., Co., 1990 U.S. Dist. LEXIS 16555 (D. Haw. July 30, 1990) as authority that the date of commencement of an action is determined by the date an action is removed to federal court.  See Notice of Removal ¶ 2.

Hunt involved the 1988 amendment to 28 U.S.C. § 1332, which raised the jurisdictional amount in controversy required for diversity from $10,000 to $50,000.  The Hunt court remanded a state action seeking an amount in controversy more than $10,000, but less than $50,000.  The state action was commenced before, but removed after, the effective date of the jurisdictional increase.  In remanding, the Hunt court construed the date of removal as controlling because of the Ninth Circuit's clear preference for construction of removal statutes against removal.

1    <u>Hunt</u> is not controlling authority.  In any event, if this Court

2    were to adopt similar reasoning, this Court would construe CAFA

3    against removal such that the date of filing in state court controls,

4    given the strong presumption against removal.  <u>See</u> <u>Gaus</u>, 980 F.2d at

5    566 (quoting <u>St. Paul Mercury Indem. Co.</u>, 303 U.S. at 288-89).[2]

6        Because the Removing Defendants cannot rely on diversity

7    conferred by CAFA, which was not enacted at the time the state action

8    was filed, Removing Defendants must demonstrate diversity jurisdiction

9    according to 28 U.S.C. § 1332(a).  However, Removing Defendants cannot

10   show that the amount in controversy exceeds $75,000, as Plaintiff

11   specifically alleges that the amount in controversy is less than

12   $75,000.  <u>See</u> Complaint at 12-13.

13       Therefore, on the Court's own motion, on the basis of the lack of

14   either federal question or diversity jurisdiction, the case is

15   REMANDED to state court.[3]

16

17       **SO ORDERED.**

18   **DATED:**     _March 25, 2005_

19                           _Audrey B. Collins_

20                           **AUDREY B. COLLINS**

21                           **UNITED STATES DISTRICT JUDGE**

22   _____

23       [2]  The Court notes that CAFA specifically provides that the
     citizenship of class members shall be determined as of the date of
24   filing of the complaint.  <u>See</u> 28 U.S.C. 1332(d)(7).

25       [3]  The Notice of Removal contained several procedural defects,
     including the failure of all defendants to join in the removal and
26   Removing Defendants' failure to establish that the case was removed
     thirty (30) days from when the <u>first</u> defendant was served.  However,
27   given that the Court bases its remand on the lack of jurisdiction,
     these procedural defects are moot.

28

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARY SMITH, individually and                    )
on behalf of similarly situated individuals,     )
                                                 )
                          Plaintiffs,            )
                                                 )
vs.                                              )          **Case No. 05-cv-0112-MJR**
                                                 )
PFIZER, INC.,                                    )
                                                 )
                          Defendant.             )

### MEMORANDUM and ORDER

**REAGAN, District Judge**:

In the Circuit Court of Madison County, Illinois, Mary Smith filed a putative class action against Pfizer, Inc., manufacturer of a prescription pain relief medication "Bextra." Pfizer timely removed the case on February 18, 2005, invoking this Court's subject matter jurisdiction under the federal diversity statute, **28 U.S.C. § 1332**. Ten days later, Judge Herndon recused, and the case randomly was reassigned to the undersigned District Judge.

Before the Court is Plaintiff Smith's fully-briefed remand motion. For the reasons described below, the Court finds that it lacks subject matter jurisdiction and grants the motion.

Smith's state court complaint, based on an Illinois consumer fraud statute, alleges that Pfizer negligently marketed Bextra, despite the fact Pfizer knew of dangerous side effects and symptoms of the drug.

Of significance is what Smith's complaint does *not* seek. She does not sue for any personal injury she or others may have sustained as a result of ingesting Bextra. Nor does she pray for injunctive relief. Rather, she seeks compensatory damages to cover the costs of medical monitoring and testing which would facilitate early detection of any injuries.

Specifically, the complaint asks for damages "sufficient to cover the costs of periodic medical examinations which are reasonably necessary to detect and enable early treatment of injuries and/or diseases caused by Bextra" (Doc. 2, p. 6).  As explained further below, this aspect of the complaint plays a key role in determining the amount in controversy.

**28 U.S.C. § 1332** confers original jurisdiction over suits between citizens of different states if (a) complete diversity exists between the parties, and (b) the amount in controversy exceeds $75,000, excluding interest and costs.  The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been satisfied.  ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).**

Here, complete diversity exists between the parties.  The question is whether Pfizer has shown that the amount in controversy exceeds $75,000, excluding interest and costs.

For a defendant to successfully remove a class action based on diversity, at least one of the named plaintiffs must have a claim that surpasses the $75,000 jurisdictional bar.  ***In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 607 (7th Cir. 1997), *cert. denied*, 522 U.S. 1153 (1998); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 409 (7th Cir. 2000).**  If one named plaintiff meets the jurisdictional minimum, the other named plaintiffs and class members can "piggyback" on that plaintiff's claim, via supplemental jurisdiction under **28 U.S.C. § 1367**.  ***Brand Name*, 123 F.3d at 607.**

Pfizer's removal notice alleges: "it is Pfizer's good faith belief" that the amount in controversy exceeds $75,000 (Doc. 1, p. 2).  Plainly, that allegation does not meet Pfizer's burden of proof as to the amount in controversy.  ***See, e.g., Chase*, 110 F.3d at 427 (removing defendant must support allegations of diversity jurisdiction with "competent proof"); *America's Best***

*Inns, Inc. v. Best Inns of Abilene, L.P.*, **980 F.2d 1072, 1074 (7th Cir. 1992)(allegations based upon information and belief are insufficient to support diversity jurisdiction).**

Pfizer does offer proof to support its contention that the amount in controversy exceeds $75,000. With the removal notice, Pfizer submitted the declaration of Dennis R. Connolly, who has experience in tort-related medical monitoring programs. Connolly suggests that the medical monitoring requested by Smith in this case actually will be much more extensive than Smith anticipates and, despite the fact the class is defined to include only consumers who purchased Bextra in Illinois, the consumers to be tested – and the doctors doing the testing – would be located "throughout the country" (Doc. 1, Exh. C, p. 2).

Furthermore, Connolly predicts that the monitoring will require the establishment of a claims-handling facility. According to Connolly, the cost of "siting" that facility will include expenditures to rent space, store records, manage operations, install hardware and communication lines, purchase furnishings, staff the operations center, train the staffers, and compile and analyze the results of all medical monitoring (*Id.*, p. 3). Relying on the Connolly declaration, Pfizer maintains that the cost to set up this facility and provide medical monitoring for "hundreds of thousands" of class members easily exceeds $75,000, justifying the exercise of jurisdiction in this case.

The Court disagrees. This Circuit does recognize that, in determining the amount in controversy, the Court may consider the cost to defendant of enforcing the requested relief, as well as the value to plaintiff of obtaining that relief. *McCarty v. Amoco Pipeline Co.*, **595 F.2d 389, 395 (7th Cir. 1989)(adopting "either viewpoint" rule under which the Court may consider the "pecuniary result to either party which the judgment would directly produce").**

-3-

But it is far from clear that the either viewpoint rule applies in a case, such as this, in which the plaintiff requests no injunctive relief and instead seeks only compensatory damages. For instance, in **Uhl v. Thoroughbred Technology and Telecommunications, Inc., 309 F.3d 978, 983-84 (7th Cir. 2002)**, the United States Court of Appeals for the Seventh Circuit sharply distinguished cases in which only money damages were sought (such as Smith's case against Pfizer) from cases in which injunctive relief was sought.

The Court emphasized:

> In a case that seeks only money damages, the amount the defendant will lose is more or less the same. But in a case like this one, for injunctive relief, there may be an asymmetry. The question has thus arisen whether it is proper in determining amount in controversy to look in the alternative to the cost the defendant will incur in complying with the injunction the plaintiff seeks. In this circuit, the answer to the latter question has been yes: it is established that the jurisdictional amount should be assessed looking at either the benefit to the plaintiff or the cost to the defendant of the requested relief – the so-called "either viewpoint" rule. *See, e.g., In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 609 (7th Cir.1997); *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 391- 95 (7th Cir.1979). Those cases specifically establish that the cost to a defendant of complying with an injunction sought by the plaintiff may properly be considered in determining the amount in controversy

**Uhl** indicates that the either viewpoint assessment should be used only in cases in which the complaint includes a request for injunctive relief. **See also Gould v. Artisoft, Inc., 1 F.3d 544, 548 n.4 (7th Cir. 1993)(applying either viewpoint rule to case in which the pecuniary harm to the defendant from the injunctive relief requested by the plaintiff exceeded the amount in controversy).** The instant case contains no such request.[1]

---

[1]     *See also* this Court's 10-20-2003 Order in *Flynn, et al. v. General Motors Corp., et al.,* Case No. 03-cv-0486-MJR, Doc. 34, p. 4 ("Defendants cite no cases extending the 'either viewpoint' rule to complaints seeking only monetary relief.").

Additionally, even if the either viewpoint rule *does* apply (if the Court accepts Pfizer's argument that Smith's prayer for compensatory damages is really a request for injunctive relief in disguise), the Court is not persuaded that the entire cost envisioned by Pfizer is chargeable to the single named plaintiff (Smith) from whose standpoint the Court evaluates the amount in controversy.  As the Seventh Circuit explained in **Brand Name, 123 F.3d at 609-10**:

> Whatever the form of relief sought, each plaintiff's claim must be held separate from each other plaintiff's claim from both the plaintiff's and the defendant's standpoint.  The defendant in such a case is deemed to face multiple claims for injunctive relief, each of which must be separately evaluated.[2]

*Accord Del Vecchio v. Conseco, Inc.,* **230 F.3d 974, 977-78 (7ᵗʰ Cir. 2000)(Even under the either viewpoint rule, each plaintiff's claim for relief must be separately evaluated.  "That means, for Del Vecchio, that the amount in controversy from the defendants' point of view is the amount they risk paying him, not the amount they might have to pay the entire class.").**

The Court *does* find appeal in Pfizer's argument as to the effect of Smith's purported disclaimer of damages, but that does not support this Court's exercise of diversity jurisdiction.

Plaintiffs' counsel mistakenly believes that remand is warranted based solely on the allegations of the complaint and an accompanying affidavit of counsel.  The complaint states:

> Plaintiff stipulates that she will not seek and will neither demand nor accept on behalf of any Class Member any recovery in excess of $75,000 exclusive of interest and costs.

Doc. 2, p. 2.

---

[2] Nor does this case fit into the narrow exceptions to the anti-aggregation rule recognized in ***Snyder v. Harris*, 394 U.S. 332 (1969)** and its progeny – the "common fund exception" which covers situations in which there is a single *res* at issue (like an estate), and the recovery is a "unitary whole."  ***See Del Vecchio*, 230 F.3d at 977-78.**

Simultaneously filed in state court with the complaint is an affidavit of Plaintiffs' counsel that "the total damages sought by the Plaintiff in this cause of action exceeds Fifty Thousand Dollars ($50,000), but is less than Seventy-Five Thousand Dollars ($75,000) per Plaintiff or class member [sic]."

This "stipulation" in Smith's complaint does not prevent removal. Allegations that a plaintiff seeks no more than $75,000 or will not accept damages over $75,000 do not, standing alone, preclude removal. Such allegations properly are *considered* by the Court (and have been considered by this Court in prior cases) but are not determinative of the amount in controversy.

In *American Bankers Life Assur. Co. of Florida v. Evans*, 319 F.3d 907, 908 (7th Cir. 2000), the Seventh Circuit (a) affirmed the determination by Judge William D. Stiehl of this Court that subject matter jurisdiction did not lie and (b) found insufficient an allegation which stated that the damages were "in no event to exceed $75,000."

> The district court properly ignored this detail – **it was neither a limit on recovery**, *see* 735 ILCS 5/2-604; *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir.2002) ... **nor a demand for $75,000**, *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995)--and looked instead to the claim's actual value, *see In re Brand Name Prescription Drugs Antitrust Litigation*, 248 F.3d 668, 671 (7th Cir.2001),

*American Bankers*, **319 F.3d at 908 (emphasis added).**

So, the language of the complaint, by itself, does not defeat removal here. Next, the Court examines to the affidavit filed with Plaintiffs' state court complaint in compliance with ILLINOIS SUPREME COURT RULE 222 ("**Any civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the total of money damages sought does or does not exceed $50,000.**").

The law of this Circuit clearly holds: "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." ***Chase*, 110 F.3d at 430, *citing In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). *See also* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, Jurisdiction 3d § 3725 at 87 (a plaintiff's waiver of over $75,000 "must be truly binding on the plaintiff in state court before it will prevent removal").** The question is whether attorney Armstrong's Rule 222 affidavit (filed with Smith's state court complaint) is *binding* as to Smith's damages.

No Seventh Circuit case located by the undersigned Judge or cited by counsel squarely delineates what constitutes a legally binding stipulation/affidavit under ***Shell Oil*.** A number of federal district courts have held that, to prevent removal, a pre-removal affidavit or stipulation must be signed by the plaintiff, not just plaintiff's counsel. ***See, e.g., Asbury-Castro v. GlaxoSmithKline, Inc.,* 352 F. Supp. 2d 729, 733 (N.D. W.Va. 2005)("to be operative, a disclaimer must be 'a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery'"); *Virden v. Altria Group, Inc*., 304 F. Supp. 2d 832, 847 (N.D. W.Va. 2004) ("Therefore, absent a binding stipulation signed by Virden that he will neither seek nor accept damages in excess of $75,000, the Court must independently assess whether the defendants have proven by a preponderance of the evidence that Virden's complaint seeks damages in excess of $75,000."); *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485-86 (S.D. W.Va. 2001)("The better rule requires a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery.").**

Other courts have interpreted an attorney's stipulation as binding on the plaintiff (even when not signed by the plaintiff), *if* the plaintiff confirmed in writing the attorney's authority

to bind the plaintiff.  *See Dozier v. Kentucky Finance Co., Inc.,* **319 F. Supp. 2d 716, 719 (S.D. Miss. 2003)(complaint demand for less than $75,000 "coupled with the stipulation of plaintiff's counsel," whose authority to stipulate on behalf of plaintiff has been confirmed by plaintiff himself, established that amount in controversy did not exceed $75,000).** *See also Dora v. Citifinancial, Inc.,* **2003 WL 22243996, *4 (N.D. Miss. 2003)(removal thwarted where plaintiffs affirmed that they were legally bound by stipulation which stated "Neither the individual Plaintiffs nor their lawyers will accept an amount that exceeds the federal jurisdictional minimum ...; Neither the individual Plaintiffs nor their lawyers will amend the complaint after one year to plead an amount in controversy in excess of the $74,900, per Plaintiff, nor will they authorize anyone on their behalf or their future heirs and assigns, to make such an amendment").**

In the case at bar, the Court already has found the "stipulation" in the complaint that Plaintiff Smith will not seek or accept over $75,000 insufficient to block removal.  (For one thing, Plaintiff could amend her complaint at any time and delete that language.)  The separate affidavit tendered by lawyer Armstrong was not signed by Smith.  Nor did Smith, in any pre-removal document, affirm that stipulation as binding her.  The Court is not convinced that the affidavit is "binding" under *Shell Oil,* so as to effectively block removal.  Thus, the undersigned Judge must look "instead to the claim's actual value."  *American Bankers***, 319 F.3d at 908.**

Smith seeks compensatory damages to cover the cost of periodic doctor visits – and presumably tests – to detect any injury or disease caused by ingesting Bextra (Doc. 2, p. 6).  She seeks no injunctive relief or punitive damages.  She does not ask for a comprehensive system of court-supervised medical monitoring.

-8-

Although the estimate of the amount in controversy contained in the complaint is not *dispositive* of the amount in controversy, the Court may consider it. Indeed, accepted wisdom provides "when deciding whether a claim meets the minimum amount in controversy, the plaintiff's evaluation of the stakes must be respected." **Barbers, 132 F.3d at 1205.** The Court cannot conceive how (and Pfizer has not demonstrated that) Smith's claim surpasses the $75,000 jurisdictional bar.

Nor does the Court find persuasive Pfizer's argument that subject matter jurisdiction lies here under the recently-enacted amendments to the federal jurisdictional statutes known as the "Class Action Fairness Act of 2005." **Pub. L. 109-2, Feb. 18, 2005, 119 Stat. 14.**

**28 U.S.C. § 1332(d)(2)(A)** now confers original subject matter jurisdiction on federal district courts over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant. The statute explicitly permits aggregation of claims in class actions to reach the $5,000,000 hurdle. *See* **28 U.S.C. § 1332(d)(6)("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").** Pfizer argues that the aggregated claims in the instant case easily exceed $5,000,000 (Doc. 11, p. 9).

The Court, however, concludes that the amendments in question do not apply, because this case was not "commenced on or after the date of enactment" (February 18, 2005). Plaintiff commenced this case by filing her complaint in Illinois state court on December 28, 2004.

The Court rejects Pfizer's argument that "commenced" means the date the case reached federal court (*i.e.*, the date a case was removed) rather than the date the complaint was filed.

Both a plain reading of the statute and the legislative history of the bill indicate that the jurisdictional amendments were never intended to apply retroactively.  *See* **P.L. 102-9 ("The amendments made by this Act ... shall apply to any civil action commenced on or after the date of enactment of this Act."); 151 Cong. Rec. H741 (Feb. 17, 2005(remarks of Rep. Udall)("Unlike earlier versions, S. 5 would not have a retroactive effect, so it would not affect pending cases.").** *See also* **151 Cong. Rec. H753 (Feb. 17, 2005)(remarks of Rep. Goodlatte); 151 Cong. Rec. S1080 (Feb. 8, 2005)(remarks of Sen. Dodd); 151 Cong. Rec. S1087 (Feb. 8, 2005)(remarks of Sen. Kennedy).**

Pfizer has not met its burden of establishing that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Jurisdiction does not lie under the federal diversity statute.  Because this Court lacks subject matter jurisdiction, it **GRANTS** Smith's February 24, 2005 motion (Doc. 4) and **REMANDS** this case to the Circuit Court of Madison County, Illinois.

Smith did not request an award of costs and expenses of removal in her remand motion or supporting brief, and the Court **DECLINES** to award such costs under **28 U.S.C. § 1447(c).**

IT IS SO ORDERED.

DATED this   **24**[th]  day of March, 2005.

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

-10-

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY LOTT, GERALD SUMNER,<br>SANDY BECKER & MIKE BALDWIN,<br>individually and on behalf of all other<br>similarly situated individuals, | )<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )   **Case No. 05-cv-0230-MJR** |
| | ) |
| **PFIZER, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge**:

On February 17, 2005, four Illinois citizens who live in the St. Clair/Madison County area (Ricky Lott, Gerald Sumner, Sandy Becker, and Mike Baldwin) filed a putative class action suit against Pfizer, Inc., in the Circuit Court of Madison County, Illinois.

Plaintiffs allege that Pfizer, a Delaware corporation with its principal place of business in New York, actively concealed information regarding the risks and dangerous side effects of two medications – Celebrex and Bextra. Celebrex and Bextra are the brand names of two non-steroidal anti-inflammatory drugs manufactured by Pfizer and used to treat musculoskeletal problems.

More specifically, Plaintiffs allege that Pfizer (via misrepresentations and concealment) was able to charge a higher price for Celebrex and Bextra than the drugs' true fair market value, had the health hazards been known by the purchasers. *See* Complaint, Doc. 2, p. 8. Plaintiffs allege that Pfizer thereby violated the Illinois Consumer Fraud and Deceptive Business Practices Act, **815 ILCS § 505/2**, and similar consumer protection statutes in other states.

Served on March 4, 2005, Pfizer removed the action to this Court on April 1, 2005, invoking subject matter jurisdiction under **28 U.S.C. § 1332.** Pfizer maintains that diversity jurisdiction lies both under § 1332 *and* under recently-enacted amendments to § 1332, resulting from passage of the Class Action Fairness Act of 2005, **Pub. L. 109-2, Feb. 18, 2005, 119 Stat. 14.**

**28 U.S.C. § 1332** confers subject matter jurisdiction over suits between citizens of different states if (a) complete diversity exists between the parties, and (b) the amount in controversy exceeds $75,000, excluding interest and costs. The party invoking federal jurisdiction – here, Pfizer – bears the burden of demonstrating that all jurisdictional requirements have been satisfied. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, **110 F.3d 424, 427 (7th Cir. 1997).**

In this case, complete diversity exists, because "the citizenship requirement for purposes of diversity jurisdiction in a class action hinges entirely on the citizenship of the named plaintiffs," each of whom (as an Illinois citizen) is diverse from Pfizer (a citizen of Delaware and New York). *See Tropp v. Western-Southern Life Ins. Co.*, **381 F.3d 591, 595 (7th Cir. 2004),** *citing Payton v. County of Kane*, **308 F.3d 673, 681 (7th Cir. 2002).** The question is whether Pfizer has shown that the amount in controversy exceeds $75,000, excluding interest and costs.

For a defendant to successfully remove a class action based on diversity, one of the named plaintiffs must have a claim that surpasses the $75,000 jurisdictional bar. *In re Brand Name Prescription Drugs Antitrust Litigation*, **123 F.3d 599, 607 (7th Cir. 1997),** *cert. denied*, **522 U.S. 1153 (1998);** *Garbie v. DaimlerChrysler Corp.*, **211 F.3d 407, 409 (7th Cir. 2000).** If one named plaintiff meets the jurisdictional minimum, the other named plaintiffs and class members can "piggyback" on that plaintiff's claim, via supplemental jurisdiction under **28 U.S.C. § 1367**. *Brand Name*, **123 F.3d at 607.**

Here, Plaintiffs seek to recover damages "in an amount equal to the difference between the price charged for the drugs and the fair market value which the drugs would have had" but for Pfizer's misrepresentations and omissions. Doc. 2, p. 10. In their prayer for relief contained in the state court complaint, Plaintiffs request (*Id.*, p. 11):

> that this action be certified as a class action, that the acts and practices of the Defendant be adjudged in violation of the New Jersey Consumer Fraud Act, and that the Court award them compensatory damages, treble damages, attorneys' fees, their costs of suit, and pre- and post-judgment interest.

Pfizer contends that the amount in controversy suffices, because "Plaintiffs are seeking a 'common fund' on behalf of all class members that exceeds $75,000, exclusive of interest and costs." Removal Notice, Doc. 1, p. 2. The Court, below, solicits briefs on this issue.

Alternatively, Pfizer relies on recent legislation, the Class Action Fairness Act (or "Act"), which amended the federal diversity statute. **28 U.S.C. § 1332(d)(2)(A)** now confers original subject matter jurisdiction on federal district courts over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant. Moreover, the statute explicitly permits aggregation in class actions to reach the $5,000,000 hurdle. *See* **28 U.S.C. § 1332(d)(6)("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").**

Pfizer argues that the requisite minimal diversity exists, and "the amount in controversy, after aggregating the claims of the proposed class members, exceeds $5 million, exclusive of interest and costs." Doc. 2, p. 2.

The Court rejects Pfizer's argument based on the provisions of the Class Action Fairness Act. Those provisions apply only to civil actions commenced on or after the date the Act was enacted. Plaintiffs commenced this civil action by filing their complaint in Madison County Circuit Court on February 17, 2005. The Class Action Fairness Act was not "enacted" until the following day – February 18, 2005.

As it did in another case recently removed by Pfizer, this Court rejects Pfizer's argument that "commenced" means the date the case reached federal court (*i.e.*, the date a case was removed) rather than the date the complaint was filed. *See* 3/24/05 Order (Doc. 12) in *Smith, et al. v. Pfizer*, Case No. 05-cv-0112-MJR.

Both a plain reading of the statute and the legislative history of the bill indicate that the jurisdictional amendments were never intended to apply retroactively. ***See* P.L. 102-9 ("The amendments made by this Act ... shall apply to any civil action commenced on or after the date of enactment of this Act."); 151 Cong. Rec. H741 (Feb. 17, 2005(remarks of Rep. Udall)("Unlike earlier versions, S. 5 would not have a retroactive effect, so it would not affect pending cases.").** *See also* **151 Cong. Rec. H753 (Feb. 17, 2005)(remarks of Rep. Goodlatte); 151 Cong. Rec. S1080 (Feb. 8, 2005)(remarks of Sen. Dodd); 151 Cong. Rec. S1087 (Feb. 8, 2005)(remarks of Sen. Kennedy).**

Having determined that jurisdiction does <u>not</u> lie under the Class Action Fairness Act, the Court returns to whether jurisdiction lies under the original (pre-Class Action Fairness Act) provisions of § 1332. The Court has found the parties diverse. The potential obstacle is the amount in controversy. After permitting counsel to brief whether one of the named plaintiffs has a claim that surpasses the $75,000 jurisdictional bar, the Court will assess the propriety of Pfizer's removal.

-4-

The Court instructs counsel to carefully review the undersigned Judge's 3/24/05 Order in *Smith v. Pfizer*, Case No. 05-cv-0112-MJR, with particular attention to the discussion of damage disclaimers and binding stipulations, before drafting their briefs regarding the amount in controversy herein.

The Court **DIRECTS** Plaintiffs' counsel to file a brief, no longer than 10 pages, addressing whether the amount in controversy suffices under **28 U.S.C. § 1332** (ignoring the recent amendments which this Court has declared inapplicable here). Plaintiffs' brief – captioned "Jurisdictional Memorandum" – must be filed on or before April 28, 2005.[1]

The Court **DIRECTS** Pfizer's counsel to file a brief in the nature of a reply (Pfizer already has presented its jurisdictional arguments in the removal notice) no longer than 5 pages. Pfizer's brief – also captioned "Jurisdictional Memorandum" – must be filed by May 5, 2005.

**IT IS SO ORDERED.**

**DATED this 7ᵗʰ day of April, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

---

[1]     This due-date does not toll or modify any otherwise applicable deadline for remand motions under **28 U.S.C. § 1447(c)**.

-5-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re EXPEDIA HOTEL TAXES AND FEES
LITIGATION

CASE NO. C05-0365C

ORDER

This matter comes before the Court on Plaintiffs' Motion to Remand (Dkt. No. 19).  Plaintiffs

seek to remand this case to King County Superior Court on the ground that Defendant's removal of this

matter to federal court is improper.  The Court has carefully reviewed the materials submitted by the

parties.  For the following reasons, the Court hereby GRANTS Plaintiffs' Motion to Remand.

In January and early February of 2005, three of the Plaintiffs separately filed class action suits

against Expedia and its owner, IAC/InterActiveCorp, in King County Superior Court.  Each complaint

alleges that Expedia violated the Washington State Consumer Protection Act by levying tax recovery and

service fees in connection with hotel reservation transactions.  On February 18, 2005, a King County

Superior Court judge consolidated the three cases.  Also on February 18, President Bush signed the Class

ORDER – 1

Action Fairness Act ("CAFA") into law.  Class Action Fairness Act of 2005, Pub. L. No. 109-2 (2005).

In part, CAFA expands federal court diversity jurisdiction over class actions to address the fact that most

class actions, regardless of their nationwide scope, are currently adjudicated in state courts.  S. Rep. No.

109-14, at 4 (2005).  On March 7, 2005, Expedia removed the consolidated case to U.S. District Court

pursuant to CAFA.  Plaintiffs now seek remand of this case to King County Superior Court.

The sole issue raised by Plaintiffs' motion is the proper definition of the term "commence" as it is

used in CAFA.  Under Defendant's interpretation, the action commenced either on the date that the state

court consolidated the three original suits or on the date that Defendant removed the case.  Under either

of Defendant's interpretations, CAFA would apply because the action would have commenced on or after

the Act's February 18 enactment date.  Plaintiffs, on the other hand, argue that "commenced" means

"filed" and that this consolidated case consists of cases filed entirely before CAFA's effective date.  Since

the only ground for removal was provided by CAFA, under Plaintiffs' interpretation, remand would be

appropriate.

Upon a motion to remand, "[t]he burden of establishing federal jurisdiction is on the party seeking

removal, and the removal statute is strictly construed against removal jurisdiction."  *Prize Frize, Inc. v.

Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  There is a strong presumption against federal

jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal.  *See Gaus v.

Miles*, 980 F.2d 564, 566-67 (9th Cir. 1992).  For a civil litigant to secure federal jurisdiction under

CAFA, the case must have "commenced" on or after the law's enactment date, February 18, 2005.  Class

Action Fairness Act § 9.  The term "commence" is not defined in the Act.  *See id.*  District Courts within

the Ninth Circuit have found that "in removal cases, 'commencement' is governed by the law of the state

in which the action originated."  *E.g., O'Brian v. Powerforce*, 939 F. Supp. 774, 777 (D. Haw. 1996);

*Perez v. Gen. Packer*, 790 F. Supp. 1464, 1469 (C.D. Cal. 1992); *Corman v. Int'l Playtex*, 713 F. Supp.

1324, 1328 (N.D. Cal. 1989); *see Provenza v. Yamaha Motor Co.*, 295 F. Supp. 2d 1175, 1178 (D. Nev.

2003); *Hom v. Serv. Merch. Co.*, 727 F. Supp. 1343, 1344 (N.D. Cal. 1990); *Rezendez v. Dow Corning

ORDER – 2

*Co.*, 717 F. Supp. 1435, 1437 (E.D. Cal. 1989).  Under Washington law, a civil action is commenced by service of a summons or by filing a complaint.  Wash. Civ. R. 3(a); *Seattle Seahawks, Inc. v. King County*, 913 P.2d 375, 376 (Wash. 1996).

The Court finds that Defendant has failed to establish that federal jurisdiction is proper for the following reasons.  Although neither the Ninth Circuit nor the Western District of Washington has directly defined "commence" with respect to removal or consolidation, deferring to state law to define this word is consistent with other Ninth Circuit District Court decisions.[1]  Under state law, the plain text of Washington's Civil Rule 3(a) indicates that commencement occurs with "filing."  The suits giving rise to this consolidated action were all filed before CAFA's enactment date.  Moreover, Defendant's reliance on *Jeffery v. Weintraub*, 648 P.2d 914 (Wash. Ct. App. 1982), to argue that this case commenced when the state court consolidated the original cases is misplaced.  *Jeffery* only addresses consolidation's impact on the number of judgments and attorney's fees.  *See id.* at 921-22.  In *Jeffery*, the court considered whether the lower court could award a separate fee for each action underlying a consolidated case.  *Id.* The court's statement that consolidation creates a new action was made in the context of finding that the lower court's issuance of separate judgments did not alter the fact that consolidation renders a single judgment.  *See id.* at 921.  As a result, *Jeffery* is inapposite to the case at the bar.  Finally, although CAFA seeks to expand federal diversity jurisdiction, inquiry into Congress' understanding of the term "commence" is uninstructive because CAFA's legislative history provides no definitive guidance.  Defendant has failed in its burden of establishing federal jurisdiction.  Given the presumption against removal, the Court finds that remand is appropriate.

/ /

---

[1]The Court also notes that Defendant fails to provide either persuasive or mandatory authority for the proposition that the Court should follow federal law to define "commence," and Defendant's argument that federal law dictates that commencement occurs upon removal relies on unpublished decisions and decisions by district courts outside the Ninth Circuit.

ORDER – 3

1    For these reasons, the Court hereby GRANTS Plaintiffs' Motion to Remand and REMANDS this

2  case to King County Superior Court without award of costs or fees.

3    SO ORDERED this 15th day of APRIL, 2005.

_____

UNITED STATES DISTRICT JUDGE

ORDER – 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **PATRICIA MORRIS, Individually and On** | ) | |
| **Behalf of All Others Similarly Situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-113-GPM** |
| | ) | |
| **PFIZER, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This case came before the Court on a motion to remand (Doc. 4). The Court heard arguments on April 11, 2005, and took the matter under advisement. For the reasons set forth below, the motion is granted.

## BACKGROUND

On December 28, 2004, Morris filed a class action lawsuit against Pfizer, Inc. ("Pfizer") in the Circuit Court of Madison County, Illinois. Her complaint alleges serious side effects caused by Celebrex, a prescription arthritis medication manufactured and sold by Pfizer. In the complaint, Morris "stipulates that she will not seek and will neither demand nor accept on behalf of any Class Member any recovery in excess of $75,000 exclusive of interest and costs." (Doc. 2 at 2, ¶ 9.) Morris further asserts that there is "no claim … for equitable or injunctive relief." *Id.*

The prayer for relief includes the following statements:

d. consistent with the stipulation in Paragraph 9 of this Complaint, award Plaintiff and Class Members amounts sufficient to cover the costs of periodic medical

Page 1 of 5

examinations which are reasonably necessary to detect and enable early treatment of injuries and/or diseases caused by Celebrex; and

e.  grant such other and further relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court, consistent with the stipulation in Paragraph 9.

*Id*. at 6.

The action was removed from the Circuit Court of Madison County, Illinois, on February 18, 2005 (Doc. 1).  Pfizer claims this Court has jurisdiction because of diversity of citizenship.  *See* 28 U.S.C. § 1332.  Morris seeks remand, arguing that the amount in controversy is not met and that recent amendments to 28 U.S.C. § 1332 from the Class Action Fairness Act of 2005 ("CAFA") do not apply.  *See* CLASS ACTION FAIRNESS ACT OF 2005, Pub. L. No. 109-2 (February 18, 2005).

Morris is a citizen of Illinois, and Pfizer enjoys dual-citizenship because it was incorporated in Delaware and maintains its principal place of business in New York.  (Doc. 2 at 1; Doc. 1 at 2.)  Diversity of citizenship is thus met, and the only disagreements are whether the amount in controversy exceeds $75,000 to complete the requirements for jurisdiction under 28 U.S.C. § 1332 and whether the CAFA amendments, codified in § 1332(d), apply.

## ANALYSIS

Diversity jurisdiction under § 1332 requires (a) complete diversity between the parties, and (b) an amount in controversy greater than $75,000, excluding interest and costs.  28 U.S.C. § 1332(a).  The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been satisfied.  *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  There is complete diversity in this case, because only the named plaintiff is considered in making that determination in a class action suit.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 931 n.2 (9th Cir. 2001), *citing Supreme Tribe of Ben-Hur v. Cauble*, 255 U.S. 356,

366-67 (1921).

The amount in controversy requirement is not satisfied, however, in part because Morris disclaims any amount greater than $75,000

Pfizer offers no evidence that the individual claim of Morris, as the named plaintiff, is greater than $75,000. Instead, Pfizer relies on establishing a "common fund" for medical monitoring and states that setting up such a fund would clearly "exceed $75,000 before a single plaintiff could benefit from it." Morris does not seek medical monitoring here, however, nor does she seek injunctive relief of any kind; she merely seeks monetary compensation for periodic doctor visits and tests to detect any complications arising from Celebrex side effects. While the amount in controversy can be determined from either a plaintiff's or a defendant's point of view, the claims for relief must be evaluated separately and not to a class as a whole. *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 395 (7th Cir. 1989) (adopting "either viewpoint" rule under which the Court may consider the "pecuniary result to either party which the judgment would directly produce"); *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977-78 (7th Cir. 2000) (Even under the either viewpoint rule, each plaintiff's claim for relief must be separately evaluated. "That means, for Del Vecchio, that the amount in controversy from the defendants' point of view is the amount they risk paying him, not the amount they might have to pay the entire class."). Pfizer, therefore, has not met its burden to show that the amount in controversy exceeds $75,000, and it cannot claim subject matter jurisdiction based on diversity.

This Court finds that the CAFA is not applicable to this case either. The CAFA amendment provides jurisdiction in class actions where the total aggregate amount in controversy exceeds $5,000,000; the number of plaintiffs in all classes exceeds 100; and "any member of a class of

Page 3 of 5

plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (5), and (6).

It is important to determine what time is proper for determining federal jurisdiction under the CAFA.

In this case, the complaint was filed before § 1332(d) was effective, but the notice of removal was

not filed until the same day § 1332(d) became effective. The amendments are effective for any civil

action "commenced on or after the date of enactment of this Act [February 18, 2005]." CLASS

ACTION FAIRNESS ACT § 9, Pub. L. No. 109-2 (2005).

Pfizer makes an interesting argument that "commenced" means the date of removal. *See,

e.g., Cedillo v. Valcar Enters*, 773 F. Supp. 932, 939 (N.D. Tex. 1991) (specifically making

"commenced" the removal date because the date jurisdiction is invoked is when federal jurisdiction

is determined); *see also In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (stating jurisdiction

is determined at time of removal). The one reported district court case to address this specific issue

refused to apply the CAFA because the case was filed in state court prior to the effective date (and

this decision was affirmed by the Tenth Circuit on the same day the Court held a hearing in this

case). *See Pritchett v. Office Depot, Inc.*, No. 05-MK-392, 2005 WL 563979, *5 (D.Colo. Mar. 9,

2005), *aff'd*, ___ F.3d ___, No. 05-0501, 2005 WL 827158 (10th Cir. Apr. 11, 2005). Judge Reagan

has reached the same conclusion in this Court. *See Smith v. Pfizer, Inc.*, Cause No. 05-112-MJR

(S.D. Ill. Mar. 24, 2005).

Both a plain reading of the statute and the legislative history of the bill indicate that the

jurisdictional amendments were never intended to apply retroactively. *See* P.L. 102-9 ("The

amendments made by this Act … shall apply to any civil action commenced on or after the date of

enactment of this Act."); 151 Cong. Rec. H741 (Feb. 17, 2005) (remarks of Rep. Udall) ("Unlike

earlier versions, S. 5 would not have a retroactive effect, so it would not affect pending cases."); *see*

*also* 151 Cong. Rec. H753 (Feb. 17, 2005) (remarks of Rep. Goodlatte); 151 Cong. Rec. S1080 (Feb. 8, 2005) (remarks of Sen. Dodd); 151 Cong. Rec. S1087 (Feb. 8, 2005) (remarks of Sen. Kennedy).

### CONCLUSION

Pfizer has not met its burden of establishing that the amount in controversy exceeds $75,000, exclusive of interest and costs, and jurisdiction does not lie under the diversity of citizenship statute. Because this Court lacks subject matter jurisdiction, the motion to remand (Doc. 4) is **GRANTED**, and this action is **REMANDED** to the Circuit Court of Madison County, Illinois, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 04/20/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 00-10694-GAO

MARK WILLIAMS,
on Behalf of Himself
and all Others Similarly Situated,

Plaintiff,

v.

AMERICA ONLINE, INC.,

Defendant.

ORDER OF REMAND
August 10, 2000

O'TOOLE, D.J.

The plaintiff has moved to remand this case to the Massachusetts Superior Court, from which court the defendant removed it asserting subject matter jurisdiction under 28 U.S.C. §1332. The plaintiff's motion to remand rests on the ground that the "matter in controversy" does not exceed the sum or value of $75,000, as §1332 requires.

The complaint asserts only state law claims. In addition to seeking relatively modest damages, the plaintiff prays that the defendant be "perpetually enjoined and restrained from in any manner, directly or indirectly, marketing and distributing" one of its products. The defendant's argument is that the requested injunction is a central part of the "matter in controversy" and that its "value" exceeds $75,000, thus satisfying the jurisdictional requirement.

I agree with the resolution of the issue by Chief Judge Hornby of the District of Maine in Melnick v. Microsoft Corp., No. 99-377-P-H, 2000 WL 761013 (D. Me. Mar. 8, 2000), furnished by the plaintiff: Even the valuation of injunctive relief should be done from the perspective of the plaintiff, and where there are multiple plaintiffs with individual claims, the rule against aggregation requires the valuation to be made individually for each plaintiff. It may well be, as the defendant suggests, that the cease-and-desist injunction prayed for will have *no* economic value to the plaintiff class, but while that might help the defendant on the merits, it does not serve to support federal jurisdiction.

The defendant's other argument, that the amount of a potential award of attorneys' fees will bring the case within §1332's jurisdictional grant, is also unpersuasive. First of all, although the attorneys for the class (if it is certified) might expect to receive a fee out of the class recovery, it does not appear that there would be a separate award of attorneys' fees in addition to compensatory damages under any of the common law causes of action asserted in the complaint. In general, under Massachusetts law attorneys' fees are awarded only where specifically authorized by statute. See Schultz v. Subaru of America, Inc., 553 N.E.2d 893 (Mass. 1990) (citing Kohl v. Silver Lake Motors, Inc., 343 N.E.2d 345 (Mass. 1976)). So it does not appear there would be an additional fund to be added to the compensatory damages. Second, even if there were to be an additional assessment for attorneys' fees, it would have to be prorated across the membership of the class, as required by the anti-aggregation principle. There is no basis in the record for concluding that the jurisdictional amount would be satisfied in that event.

The defendant's argument that the issue of remand should be left to the transferee court has appeal as a matter of administration of the numerous similar cases. In the end, however, convenience of administration cannot carry much weight in resolving a fundamental jurisdictional objection. Besides, the convenience is one sided. This plaintiff seeks the convenience of being able to proceed with his case in the Massachusetts state courts, where he began the action.

For these reasons, the plaintiff's motion to remand is GRANTED, and the Clerk is directed to return the case to the Massachusetts Superior Court.

_August 10, 2000_
Date

_[signature]_
District Court

3