# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY NATALE, JR., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION
NO. 05-11152-RCL

## DEFENDANT GENERAL MOTORS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO CONDUCT DISCOVERY IN AID OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant General Motors Corporation ("GM") hereby moves for leave to depose Plaintiff Anthony Natale ("Natale") in aid of GM's Opposition to Plaintiff's Motion to Remand. Currently, GM's Opposition is due on August 22, 2005, and GM seeks to conduct the Natale deposition on either August 17, 18 or 19, 2005. Should Natale not be available to be deposed during that time, GM also seeks leave to file its Opposition three days after the conclusion of the Natale deposition or, in the alternative, for leave to file a supplemental opposition after the deposition is taken.

Plaintiff Natale brought a class action lawsuit on behalf of Massachusetts residents who purchased GM vehicles factory-equipped with Dex-Cool engine coolant. The Complaint alleges, among other claims, breach of warranty. According to the Complaint, Natale owns a Chevy Blazer that was factory equipped with Dex-Cool engine coolant. Interestingly, the Complaint does not allege a particular model year. GM has a substantial basis to believe that the Chevy Blazer owned by Natale as alleged in the complaint is a 1994 model vehicle which Natale purchased as a used vehicle, as opposed to a new vehicle from an authorized GM dealership. Both of these facts - that it is a 1994 model vehicle and that it was purchased used and not new -

are particularly relevant because GM did not even use Dex-Cool engine coolant in its 1994 models, and if Natale's vehicle was purchased as a used vehicle, there would be no express GM warranty. As such, Natale would lack standing to assert Dex-Cool related claims against GM on behalf of himself or any alleged class member. If Natale did not have standing to serve as a proper plaintiff, there was not a proper basis for the filing of the Complaint on February 11, 2005. It also means that the Amended Complaint subsequently served upon GM, which adds plaintiff John Burns, would be subject to this Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332.

On August 11, 2005, by and through its counsel, GM requested that Natale stipulate to certain facts concerning his Chevy Blazer and the basis for his Dex-Cool claims. Specifically, GM requested that Natale stipulate to the following:

1. Natale was the sole named plaintiff when the complaint in above-captioned lawsuit was filed in Massachusetts State Court on February 11, 2005.

2. The GM vehicle alleged in paragraph 4 of the Complaint to be owned by Natale and to contain factory equipped Dex-Cool, is a 1994 Chevy Blazer, VIN# 1GNDT13W4R0140457.

3. Natale purchased the vehicle as a used car as opposed to a new vehicle from an authorized GM dealership.

4. The 1994 Chevy Blazer referenced in the Complaint was not factory-equipped with Dex-Cool engine coolant.

5. When Natale purchased the 1994 Chevy Blazer, it was not subject to any express GM warranty.

6. The Owner's Manual for Natale's 1994 Chevy Blazer does not make any statements concerning Dex-Cool engine coolant.

7. The 1994 Chevy Blazer purchased by Natale did not contain any stickers or other labeling which referenced Dex-Cool engine coolant.

8. Natale has never used Dex-Cool engine coolant or caused Dex-Cool engine coolant to be used in the 1994 Chevy Blazer.

- 2 -

While Natale has acknowledged that he was the sole named plaintiff when the Complaint was filed on February 11, 2005, Natale would not address any of the other issues. Further, because Natale contends that these issues are not relevant to the Motion to Remand, he would not consent to a deposition.

## ARGUMENT

### I.    The Limited Discovery Is Relevant To A Determination Of The Court's Jurisdiction.

GM's request that Natale stipulate to certain facts is consistent with the parties' obligations under Local Rule 7.1(a)(2), that the parties seek to narrow the factual and legal issues to be presented to the Court. Instead of any meaningful conference, however, plaintiff's counsel simply asked GM whether it would assent to the Motion to Remand. As GM made clear at the time,[1] the purpose of the Rule 7.1 motion conference is for counsel to try to narrow the factual and legal issues through stipulations or otherwise. Here, in the view of plaintiff's counsel, an email exchange regarding whether or not GM would oppose the motion is adequate. GM, however, contends that its proposed stipulations are precisely the type of issues counsel should discuss and, if at all possible, enter appropriate stipulations in order to narrow the issues and otherwise present a narrowly tailored record on which the Court can decide the dispute.

A determination of Natale's status as a proper plaintiff is relevant to GM's Opposition to the Motion to Remand. As explained in GM's Notice of Removal, the Natale Complaint was filed mere days before CAFA took effect. The Complaint was subsequently amended to add another plaintiff, John Burns. As detailed in GM's Notice of Removal and Memorandum of Law in Support of Defendant's Motion to Dismiss, the Amended Complaint was served on GM on May 6, 2005, but was not filed with the Essex Superior Court.[2] Because Massachusetts law does

---

[1] A copy of the email exchange between counsel for Natale and GM purportedly constituting the Rule 7.1 conference is attached hereto as Exhibit 1.

[2] The initial complaint, naming only Natale, was never served, and, as set forth in GM's motion to dismiss, dismissal is mandated by Mass. R. Civ. P. 4(j).

not require a complaint to be filed before service, but the date of service is then deemed the date the action is commenced (*see, e.g.*, *Finkel v. Natale Rota, Inc.*, 19 Mass. App. Ct. 55, 58 (1984)), and because the time period for a defendant to remove begins with service of process (*see* 28 U.S.C. § 1446(b)), GM needed to remove the action to preserve its statutory right to removal.

In its Motion to Remand, Natale argues that CAFA does not apply because the case was "commenced" when the Complaint was filed on February 11, 2005, days before CAFA took effect on February 18, 2005. Consistent with the policy behind the removal statute, GM contends that counsel cannot file a complaint using a plaintiff who does not satisfy even the most basic standing requirements – ownership of a vehicle equipped with Dex-Cool or the ability to assert the alleged breach of warranty – to avoid the effect of CAFA, and then, later, amend its complaint to add a plaintiff who may actually own a vehicle factory equipped with Dex-Cool.[3/] The U.S. Supreme Court has refused to interpret the removal statute to allow a plaintiff to "dodge" service requirements and "trap" defendants "into keeping their suits in state courts." *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355-56 (1999). Similarly, a plaintiff cannot avoid removal by filing a complaint with a patently deficient plaintiff, amend and serve a complaint with a plaintiff that at least appears to satisfy some bare minimum of standing, but then not file that amended complaint until defendant's removal rights have expired. *See id.*

## II.     The Court May Properly Authorize Discovery In Connection With A Motion To Remand.

Although a motion to remand is normally analyzed with reference to the complaint, "the district court, however, may allow limited remand-related discovery, and conduct a summary judgment type inquiry thereupon." *Boone v. Citigroup, Inc.*, __ F.3d __, 2005 U.S. App. Lexis 13471, at *11 (5th Cir. July 7, 2005). A factual determination of whether Natale is even the owner of a factory-equipped Dex-Cool vehicle subject to a GM warranty is clearly relevant and

---

[3/]GM, however, does not concede that Mr. John Burns is such a plaintiff.

warranted.  *See In re Brand Name Prescription Drugs Antitrust Litigation*, 248 F.3d 668 (7th Cir. 2001) (fact issue as to whether any one plaintiff in class action removed on diversity grounds satisfied jurisdictional minimum amount-in-controversy requirement precluded denial of remand motion without evidentiary hearing);  *see also Valentin v. Hospital Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001) (district court determining a factual challenge to subject matter jurisdiction "enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction").

**III.     GM Has a Substantial Basis to Believe That A Deposition Of Natale Will Establish That He Was Not A Proper Plaintiff.**

On information and belief, Natale is a resident of Middlesex County (raising a significant question as to why the case was originally filed in Essex County) and is the registered owner of a 1994 Chevrolet Blazer.  It appears that Natale purchased this Blazer as a used vehicle as opposed to new from a GM dealership.  These facts call into question the veracity of a host of allegations, including the allegations related to the alleged warranty asserted to exist at the time of purchase, which was allegedly based on statements in the owner's manual or affixed to Natale's Blazer. Am. Cplt. ¶ 19.  Even more significant, because GM only began to use Dex-Cool in its new vehicles in the spring of 1995, it is almost certain that Natale's 1994 model year vehicle <u>was not equipped with Dex-Cool when it was sold as new</u> and that the owner's manual furnished with the vehicle (which is central to Natale's allegations about an alleged warranty) said <u>nothing about Dex-Cool whatsoever</u>.  GM submits herewith an affidavit of counsel attesting that there is a substantial basis to believe that further discovery will reveal these facts to be true.

## CONCLUSION

WHEREFORE, GM has a substantial basis to believe that the limited discovery it seeks will lead to the disclosure of information material to its ability to oppose Plaintiff's Motion to Remand and to assist this Court in determining its jurisdiction, GM thus seeks leave to depose Natale on an expedited basis - on either August 17, 18, or 19, 2005.  Should Natale's deposition not be completed by August 19, 2005, GM further seeks leave to file its Opposition to the

- 5 -

Motion to Remand within three days after taking Natale's deposition or, in the alternative, leave to file a brief supplemental opposition after the deposition is taken.

August 12, 2005

Respectfully submitted,

/s/ Carol E. Head
John R. Skelton, BBO #552606
Carol E. Head, BBO #652170
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000

Robert B. Ellis, Esq.
Scott F. Hessell, Esq.
**KIRKLAND & ELLIS LLP**
2300 E. Randolph Drive
Chicago, IL  60601
(312) 861-2000


*Of counsel:*
Lawrence S. Buonomo, Esq.
General Motors Legal Staff
400 Renaissance Center
P. O. Box 400
Mail Code 482-026-601
Detroit, Michigan  49265-4000
(313) 665-7390

***Attorneys for Defendant,***
***General Motors Corporation***

## **CERTIFICATE OF SERVICE**

I, Carol E. Head, hereby certify that a true and correct copy of the foregoing Memorandum Of Law In Support Of Motion For Leave To Conduct Discovery In Aid Of Its Opposition To Plaintiff's Motion To Remand was served on August 12, 2005 via first-class mail upon counsel of record for the plaintiff:

> David Pastor, Esq.
> Kenneth G. Gilman, Esq.
> Gilman and Pastor, LLP
> 60 State Street, 37th Floor
> Boston, MA  02109

_/s/ Carol E. Head_
Carol E. Head

LITDOCS/611732.1

## Skelton, John R.

**From:** Douglas Hoffman [dhoffman@gilmanpastor.com]
**Sent:** Tuesday, July 26, 2005 5:23 PM
**To:** Skelton, John R.
**Cc:** 'Scott Hessell'
**Subject:** RE: Natale v. General Motors (Dex-Cool) - Motion to Remand

I'm not sure I agree we are required to discuss anything beyond whether or not you will oppose the motion, but if we can narrow the issues, that is fine. I think most of the issues you raise are indisputable facts that will be reflected in the records of the courts. This includes the date of filing of the original complaint (February 11, 2005), the deadline for service (90 days thereafter), and the fact that the amended complaint was apparently not received by the state court, since it does not appear in the docket. You also included the dated summons with the removal notice, so that is also not in dispute. I would assume that Massachusetts law governs the sufficiency of service of process. I do not think the other issues are relevant to the motion to remand. Of course, if you disagree with these positions, you can certainly indicate that in your opposition to remand, or indicate whether you agree.

Hopefully this was helpful. Given the pending MDL proceeding, we would like to get the motion on file today so we plan to do so.


-- Doug


**From:** Skelton, John R. [mailto:john.skelton@bingham.com]
**Sent:** Tuesday, July 26, 2005 4:39 PM
**To:** Douglas Hoffman
**Cc:** Scott Hessell
**Subject:** RE: Natale v. General Motors (Dex-Cool) - Motion to Remand

You are correct, GM will oppose any effort to remand.

I do think, however, that there is some room here as part of a Rule 7.1 conference to narrow the scope of issues relevant to a resolution of the motion to remand, including stipulating to some of the relevant facts such as: the timing of the filing of the complaint and the amended complaint, the deadline for service under Mass. R. Civ. P. 4(j) of the original complaint, when and why Burns was added as a plaintiff, the fact that the original complaint was never served on General Motors, and the fact that the amended complaint was not served upon GM until May 6, 2005. We could also stipulate as to the governing law as to a determination of the sufficiency of service of process, etc.

The motion conference requirement under Rule 7.1 and its state law counterpart was designed to force counsel to try to stipulate as to certain facts and law in order to try to narrow the issues. We do not believe that simply asking whether GM will oppose the motion to remand is sufficient. Indeed, when I called concerning the motion to dismiss, I raised the possibility of a resolution whereby the case could proceed in Federal Court. While that was rejected, the conference was significantly more than whether the plaintiff was going to oppose a motion to dismiss.

Please call if you wish to discuss further.

John

8/12/2005

John R. Skelton, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, Ma. 02110
Direct Dial: 617-951-8789
Direct Fax: 617-345-5041
E-mail: john.skelton@bingham.com
www.bingham.com

*The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.*

*You should recognize that responses provided by this email means are akin to ordinary telephone or face-to-face conversations and do not reflect the level of factual or legal inquiry or analysis which would be applied in the case of a formal legal opinion. A formal opinion could reach a different result. We would, of course, be happy to prepare such a definitive statement or formal opinion if you would like us to.*

*Also, IRS regulations provide that, for the purpose of avoiding certain penalties, taxpayers may rely only on opinions of counsel that meet specific requirements, including that such opinions contain extensive factual and legal discussion and analysis. Any advice that may be contained in this message is not intended as tax advice and does not constitute an opinion that meets the IRS requirements and thus cannot be used, and was not intended or written to be used, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be made available to or relied upon by any other person or entity or used for any other purpose without our prior written consent.*

-----Original Message-----
**From:** Douglas Hoffman [mailto:dhoffman@gilmanpastor.com]
**Sent:** Tuesday, July 26, 2005 3:02 PM
**To:** Skelton, John R.; 'Scott Hessell'
**Subject:** RE: Natale v. General Motors (Dex-Cool) - Motion to Remand

Gentlemen:

We plan to file a motion to remand this matter to state court today. I assume you will oppose, but to satisfy Local Rule 7.1 I need to ask your position. Please let me know.

Douglas J. Hoffman
Gilman and Pastor, LLP
60 State St., 37th Floor
Boston, MA 02109
Tel: (617) 742-9700
Fax: (617) 742-9701

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination,

Page 3 of 3

distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us.  Thank you.