UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY NATALE, JR., on behalf of himself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>GENERAL MOTORS CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION<br>NO. 05-11152-RCL |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO CONDUCT DISCOVERY**

Kenneth G. Gilman, BBO #192760
David Pastor, BBO #391000
Douglas J. Hoffman, BBO #640472
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Telephone: (617) 742-9700

**ATTORNEYS FOR PLAINTIFF**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................. 1

PROCEDURAL HISTORY ...................................................... 2

ARGUMENT ....................................................................... 6

    I.    THE DISCOVERY SOUGHT CANNOT BE ALLOWED
        BECAUSE IT IS INTENDED TO SUPPORT A BASIS FOR
        FEDERAL JURISDICTION NOT IDENTIFIED IN THE
        NOTICE OF REMOVAL ............................................ 6

    II.   DISCOVERY ON THE MERITS IS NOT ALLOWABLE
        FOR PURPOSES OF DECIDING A MOTION TO REMAND ............. 9

    III.  GM'S NEW ARGUMENT FOR THE APPLICATION
        OF CAFA IS LEGALLY UNSUPPORTABLE AND
        THEREFORE THE DISCOVERY SOUGHT IS A WASTE
        OF TIME AND RESOURCES ........................................ 11

CONCLUSION .................................................................. 13

**INTRODUCTION**

Representative plaintiffs, Anthony Natale, Jr. and John Burns ("Plaintiffs"), submit this Memorandum of Law in Opposition to Defendant General Motors Corporation's ("GM") Motion for Leave to Conduct Discovery in Aid of its Opposition to the Motion to Remand, and GM's supporting memorandum of law ("referenced herein as "GM Mem. at ___").

GM's request for discovery is nothing more than a premature attempt to attack the merits of the claims of one of the representative plaintiffs and delay this Court's decision on Plaintiffs' pending motion to remand, in the hope that the Judicial Panel on Multidistrict Litigation ("JPML") will transfer this matter following its September 29 hearing, before this Court has an opportunity to rule on the pending motion to remand. The alleged bases for federal jurisdiction listed in GM's June 3, 2005 Notice of Removal (the "Notice") (Dkt. No. 1), are completely indefensible, and many, if not all of them, have already been rejected. Apparently realizing this, more than two months after filing its Notice, GM has come up with a new basis for federal jurisdiction and claims that it is entitled to merits-based discovery in order to pursue this new argument.

GM should not be allowed to further delay a decision on the motion to remand so that it can seek discovery to which it is not entitled and which is completely irrelevant to the alleged bases for federal jurisdiction in the Notice and to the arguments in the motion to remand. As explained below, a removing defendant is strictly prohibited from raising new arguments for removal that do not appear in the initial removal notice. Further, even on the rare occasions that Courts allow discovery for purposes of a motion to remand (situations mainly reserved to "fraudulent joinder" claims), the discovery sought cannot be directed to the merits of the

plaintiff's claim. Moreover, the new argument that GM seeks to support with the results of this discovery would not justify removal in any event, and therefore any such discovery would be a complete waste of time.

Finally, any potential standing issue with regard to Mr. Natale is, in any event, mooted by the addition of John Burns as an additional representative plaintiff. If GM wishes to attack the merits of Mr. Natale's claim, it will have every opportunity to do so in state court after this Court grants the motion to remand.[1]

## **PROCEDURAL HISTORY**

Plaintiff Anthony Natale initiated this matter in the Essex County Superior Court on February 11, 2005. As was his right under the Massachusetts Rules of Civil Procedure, the original complaint was not immediately served on GM. Instead, within the time period for service of the original complaint, an Amended Complaint, which added additional named plaintiff John Burns, was served on GM on May 6, 2005.[2] Twenty-eight (28) days later, on June 3, 2005, shortly before the expiration of its 30-day limit for removal, GM removed the case to this Court. Only one week later, on June 10, 2005, GM filed a motion to dismiss and supporting documents. (Dkt. Nos. 2-5). Although, as explained below, there is no true federal jurisdiction

---

[1] Plaintiffs in no way concede any lack of standing on Mr. Natale's part. Plaintiffs refuse at this time, however, to allow GM to drag them into a battle on the merits of the Plaintiffs' case prior to resolution of the pending motion to remand.

[2] The Amended Complaint, while served on GM, was evidently not received by the Essex County Superior Court, as it does not appear in that court's docket. Once the case was removed to this Court on June 3, 2005, Plaintiffs were unable to correct this problem by filing the Complaint with the state court, as the case was no longer pending there. Plaintiffs do not feel it would be appropriate to file the Amended Complaint in this Court, because it is their position that there is no federal jurisdiction and no doubt GM would -- incorrectly -- attempt to argue that such filing constituted an admission of federal jurisdiction. The fact that the Amended Complaint has not yet been filed in state court, however, should not affect this Court's decision on any of the pending motions. As GM concedes, in Massachusetts a complaint may be served on a defendant before it is filed. (Motion at 3-4) (citing *Finkel v. Natale Rosa, Inc.*, 19 Mass. App. Ct. 55, 58 (1984)).

over this case, GM then quickly took action to have this case transferred to the Southern District of Illinois by the JPML by filing a Notice of Tag Along Action with the JPML. GM also stated its desire to have this case transferred by the JPML in the Notice. (Notice ¶ 12). The JPML subsequently issued an order on June 21, 2005, conditionally transferring this case to the Southern District of Illinois. Plaintiff has filed a notice of motion to vacate this conditional transfer order, and the JPML has set a briefing schedule on this motion.

On August 11, 2005, the JPML issued a Notice of Hearing Session stating that Plaintiff's motion to vacate the conditional transfer order would be considered at a hearing on September 29, 2005. As GM is no doubt well aware, if this case were remanded before the JPML rules on the motion to vacate, the conditional transfer order would be moot and GM would not be able to transfer this matter to the Southern District of Illinois. Consequently, it is in GM's interest to delay this Court's decision on the pending motion to remand for as long as possible.[3]

Prior to filing his motion to remand, counsel for Plaintiffs contacted counsel for GM pursuant to Local Rule 7.1. Counsel for GM indicated that it would oppose the motion, but also insisted on first asking Plaintiffs' counsel to discuss what it thought were "contested facts." These included: (1) the timing of the filing of the complaints; (2) the deadline for service under Mass. R. Civ. P. 4(j) of the original complaint; (3) the fact that the original complaint was never served on General Motors; (4) and the fact that the amended complaint was served on GM on May 6, 2005; and (5) the law governing service of process. (*See* Email dated July 26, 2005 at 4:39 p.m. from John R. Skelton to Douglas J. Hoffman, GM Mem., Ex. 1). Since most of these

---

[3] GM also apparently believes that Seventh Circuit law will be more favorable to it on the remand motion, as it incorrectly argued for the application of Seventh Circuit precedent in its Notice of Removal. (Notice ¶ 26).

issues were undisputed facts that could easily have been confirmed through the court docket, GM's true motive for insisting that these issues be discussed was unclear. Nevertheless, Plaintiffs responded by providing his position on each of these issues. (*See* Email dated July 26, 2005 at 5:23 p.m. from Douglas J. Hoffman to John R. Skelton, Ex. 1). Recognizing that further discussion on the "issues" identified by GM would serve no purpose other than to delay the filing of Plaintiffs' motion to remand, Plaintiffs filed this motion on July 26, 2005, based on a complete lack of subject matter jurisdiction. (Dkt. Nos. 9-10). GM's opposition to this motion was therefore due on August 9, 2005. Subsequently, Plaintiffs agreed to extend GM's deadline to August 22. (Dkt. No. 14).

On August 11, 2005, **the same day the JPML issued its Notice that the transfer issue would be considered on September 29**, and over two months after the initial filing of the Notice, counsel for GM contacted Plaintiffs' counsel and stated, for the first time, that it would not respond to the remand motion unless the Plaintiffs would either stipulate to a suggested list of facts regarding the merits of Mr Natale's claim, or Mr. Natale submitted to a deposition in one week's time. (*See* e-mail dated Aug. 11, 2005 at 11:28 a.m. from John R. Skelton to Douglas J. Hoffman, accompanying Affidavit of Kenneth G. Gilman, Ex. A). Counsel for GM claimed in this email communication that these facts could have been discussed during Rule 7.1 conference prior to filing of the motion to remand. *Id.* However, this was the first time these issues had ben raised, as they were completely different from the issues that GM's counsel wanted to discuss at the time of the Rule 7.1 conference. (*Compare* GM Mem. Ex. 1; Gilman Aff. Ex. A). GM did not explain why it felt that these facts were relevant to the motion to remand.

As Plaintiffs pointed out in the motion to remand, GM had absolutely no valid legal basis

whatsoever for removing this case, *as it should have known*. For example, in listing the three requirements for federal jurisdiction under the Magnuson-Moss Warranty Act, GM intentionally omitted the third requirement, that there be at least 100 named plaintiffs. (Notice ¶ 23; Remand Mem. at 8-10). GM already attempted this tactic when it removed a prior case in this District concerning Dex-Cool coolant, in which the same attorneys represented GM. In that case, Judge Stearns saw through GM's misstatement of the law and remanded the case. (Remand Mem., Ex. B at 1, and n.1) (holding that "[F]ederal question jurisdiction is precluded by the jurisdiction limiting effect of 15 U.S.C. § 2310(d)(1)(3)(C), which precludes district court jurisdiction over Magnuson-Moss class actions where the number of named plaintiffs is fewer than one hundred."). Nevertheless, in this case, GM's counsel once again attempted to remove the matter by providing the Court with only two of the three requirements for federal jurisdiction under the Warranty Act.

In addition, GM argued that this case is subject to the Class Action Fairness Act ("CAFA") because GM apparently believes that in Massachusetts, a case is not commenced until formal process is served. (Notice ¶ 19). The case GM cited for this proposition, however, actually predates the Massachusetts Rules of Civil Procedure, which state that a case is commenced when it is *filed*. (Mass R. Civ. P. 3). In addition, the case GM cited actually *rejected* the very argument that it makes here. (Remand Mem. at 5-6). GM also argued that the case is removable under CAFA because it was removed after CAFA's effective date, even though it was pending in state court before that date. (Notice ¶ 19, n.2). However, every federal court considering this argument under CAFA has rejected it, including Judge Young in this very District. (Remand Mem. at 6-8) (citing cases). Finally, GM attempted to remove the case under

pre-CAFA diversity jurisdiction, but its arguments depended upon the aggregation of class members' claims and other invalid calculation methods. (Remand Mem. at 10-16) (citing cases).

Significantly, nowhere it its Notice did GM claim that this matter was removable due to an alleged lack of standing of the named plaintiff.

## ARGUMENT

### I. THE DISCOVERY SOUGHT CANNOT BE ALLOWED BECAUSE IT IS INTENDED TO SUPPORT A BASIS FOR FEDERAL JURISDICTION NOT IDENTIFIED IN THE NOTICE OF REMOVAL

GM seeks expedited discovery at this time, prior to any Rule 26 conference, arguing that the requested discovery is necessary because "[a] determination of Natale's status as a proper plaintiff is relevant to GM's Opposition to the Motion to Remand." (GM Mem. at 3). GM does not claim, nor could it, that the discovery it seeks has anything to do with the bases for removal raised in the Notice, or in response to any argument in Plaintiffs' motion to remand. As demonstrated above, and in the motion to remand and supporting papers, the real issues presented by those pleadings are simple questions of law, which this Court can easily resolve.

This discovery is actually sought to support a brand new argument for removal that GM apparently came up with only last week, over two months after the Notice was filed. GM apparently intends to argue that CAFA applies because Mr. Natale lacks standing, and, at least in GM's view, this means the case should not be deemed as "commenced" for CAFA's purposes prior to CAFA's effective date. The viability of this argument (or lack thereof) is discussed below. However, this Court may not even consider the argument, because it is well-settled that a defendant may not introduce new arguments for removal that do not appear in the initial removal notice unless the notice is amended within the 30-day period provided by the federal removal

statute. *E.g. Britton v. Rolls Royce Engine Servs.*, No. C 05-01057, 2005 U.S. Dist. LEXIS 13259, at *10 (9th Cir. May 30, 2005). In *Britton*, the defendant dd not, in its notice of removal, argue that federal question jurisdiction was applicable. *Id.* at *8. It raised this argument for the first time in its opposition to the plaintiffs motion to remand. *Id.* The Ninth Circuit held that it could not consider this new basis for federal jurisdiction because it did not appear in the removal notice, and was filed too late to be deemed an amendment to the removal notice because it was filed outside the 30-day period provided by 28 U.S.C § 1446(b). *Id.* at *10. Just as in *Britton*, defendant here raises this argument long after expiration of the 30-day window and it therefore may not be considered by this Court. Courts have held that refusing to allow a defendant to later introduce a new argument is especially appropriate where, as here, a defendant changes its grounds for removal due to its recognition that the original grounds cannot be sustained. *Hinojosa v. Perez*, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002) (refusing to consider new removal argument in brief opposing remand motion, stating: "It would be a substantial injustice to allow Defendants to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different, and untimely, ground.").

Courts across the country have continuously rejected removal arguments left out of the removal petition but later offered by a defendant. *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988) ("[T]he defendant must state the basis for removal jurisdiction in the petition for removal . . . The petition cannot be amended to add a separate basis for removal jurisdiction after the thirty day period."); *Barrow Dev. Co. v. Fulton, Ins.*, 418 F.2d 316, 317 (9th Cir. 1969) (notice of removal can be amended after 30 day period only where party seeks to correct defects in form but not to add allegations of substance); *Pacheco v. Am. Smelting & Ref.*

*Co.*, No. EP-05-CA-142-PRM, 2005 U.S. Dist. LEXIS 11613, at *8-9 (W.D. Tex. June 1, 2005) (refusing to consider defendant's "fraudulent joinder" argument because it was not raised in the notice of removal); *Whittaker v. Aramark Unif. & Career Apparel, Inc.*, No. 3:03cv1619, 2004 U.S. Dist. LEXIS 13730, at *3-4 (D. Conn. July 19, 2004) (refusing to consider defendant's argument for diversity jurisdiction that was not raised in the notice of removal); *Fuller v. Exxon Corp.*, 131 F. Supp. 2d 1323, 1327 (S.D. Ala. 2001) (refusing new basis for jurisdiction because applicable law "does not permit a removing party to assert additional grounds of jurisdiction not included in the original [notice].").[4]

The Second Circuit has explained the rationale for this rule as follows: "Removal procedures seek a rapid determination of the proper forum for adjudicating an action. We are not inclined to countenance prolonged preliminary litigation over the removal issue simply because [defendant] failed in the first instance to aver a proper jurisdictional basis for removal." *Lupo v. Human Affairs Int'l*, 28 F.3d 269, 274 (2d Cir. 1994). Here, just as in *Lupo*, GM has failed to allege an adequate basis for federal jurisdiction in its notice of removal. It now seeks to further delay a decision on the remand issue so it can conduct discovery that would allow it to raise yet another untimely argument for federal jurisdiction.

GM's complaint that Plaintiff's counsel should have been required to discuss the facts it

---

[4] *See also Dix v. ICT Group, Inc.*, No. CS-03-0315-LRS, 2003 U.S. Dist. LEXIS 21679, at *8 (E.D. Wash. Oct. 20, 2003) ("Defendants bear the burden of proving, by a preponderance of evidence, actual facts sufficient to support jurisdiction . . . . such facts must appear in the notice of removal.") (citing *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983)); *Flowers v. EZPawn Okla., Inc.*, 307 F. Supp. 2d 1191, 1201 (N.D. Okla. 2003) ("Because jurisdiction is determined at the time of the notice of removal, the movant must meet its burden in the notice of removal, not in some later pleading.") (quoting *Coca-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F. Supp.2d 1280, 1283 (D. Kan. 2002)); *Futurama Import Corp. v. Kaysons International of Miami, Inc.*, 304 F. Supp. 999, 1002 (D.P.R. 1969) ("It is not enough that a valid basis for removal exists. The (grounds) must be set out in the removal petition; and the petition should not leave any issue, as to the prima facie right to remove, at large.") (citing 1 A Moore's Federal Practice Sec. 0.168(3-4) pp. 1201, 1202, Second Edition).

seeks discovery on here as part of a Rule 7.1 conference prior to filing the motion to remand cannot be taken seriously. (GM Mem. at 3). As explained above, the issues GM's counsel wanted to discuss at the time the remand motion was filed (*e.g.* the date the original complaint was filed), had nothing to do with the issues about which it now wants to depose Mr. Natale. GM expressed zero interest in the details of Mr. Natale's purchase of his GM vehicle before August 12, 2005.

Because GM is not allowed to raise its new argument for removal at this late stage, allowing GM discovery to support it would be a complete waste of time and would only serve GM's real purpose: to delay this Court's decision on the pending remand motion. GM's instant motion must therefore be denied.

## II. DISCOVERY ON THE MERITS IS NOT ALLOWABLE FOR PURPOSES OF DECIDING A MOTION TO REMAND

As GM states, the discovery that it seeks is intended to show Mr. Natale's alleged lack of standing, which is a direct attack on the merits of Mr. Natale's claim. As GM concedes, however, a motion to remand focuses solely on the allegations of the complaint and the notice of removal. (GM Mem. at 4). "When ruling on a motion to remand, the court generally looks to the complaint and the notice of removal." *Britton v. Rolls Royce Engine Servs.*, No. C 05-01057, 2005 U.S. Dist. LEXIS 13259, at *5 (9th Cir. May 30, 2005) (citing 16 Moore's Federal Practice -- Civil § 107.41(1)(e)(ii)). Whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed. *See FSLIC v. Griffin*, 935 F.2d 691, 695-96 (5th Cir. 1991) ("The power to remove an action is evaluated at the time of removal."), cert. denied, 502 U.S. 1092 (1992). This is so because it is improper for a

Court to make determinations of the merits of a plaintiff's case on a motion to remand.

GM claims that remand-related discovery is sometimes allowed, yet GM does not define the circumstances in which courts have allowed such discovery. The case cited by GM on this point, *Boone v. Citigroup*, 2005 U.S. App. LEXIS 13471 (5th Cir. 2005), involved an allegation of the improper joinder of a non-diverse defendant and discovery was apparently allowed on that issue alone. Here, GM has not alleged a fraudulent joinder. In addition, in *Boone*, the request for discovery was not even contested by the parties, and consequently that case is of little precedential value. *Id.* at *11, n.10.

Even in cases where fraudulent joinder of a defendant *is* a basis for removal, (which again, is not the case here), ***courts deny the removing defendant a right to discovery for purposes of responding to a remand motion where the defendant is, in actuality, attacking the factual merits of the plaintiff's claim***. "[D]iscovery is not appropriate in such a case, because the court is to take as true the factual allegations going to the merits of the plaintiff's claims against the non-diverse defendant, and where there is a reasonable possibility that those factual allegations state a claim under state law--even where the truth of those allegations is challenged--fraudulent joinder cannot be shown, and the truth of the allegations and merits of the claim under state law are properly left to the trier of [f]act." *Wells' Dairy, Inc. v. Am. Indus. Refrigeration, Inc.*, No. C 01-4052-MWB, 2001 U.S. Dist. LEXIS 11863, at *61-62 (N.D. Iowa Aug. 10, 2001) (denying discovery for purposes of responding to a motion for remand where the discovery sought "goes directly and almost exclusively to the merits of Wells' Dairy's claim against Livermore, not to 'jurisdictional' questions concerning Livermore's citizenship or status as a proper defendant in this action."). *See also, Hartley v. CSX Transp.*, 187 F.3d 422, 425 (4th

Cir. 1999) ("In all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact."); *Christensen v. Phillip Morris, Inc.*, 198 F. Supp. 2d 713, 715 (D. Md. 2002) (denying defendant's request for discovery, stating that a court may not: "engage in extensive fact finding or 'delve too far into the merits in deciding a jurisdictional question.'") (quoting *Hartley*); *Jordan v. KMS, Inc.*, 192 F. Supp. 2d 658, 660 (S.D. Miss. 2001) (denying defendants' request for remand-related discovery); *Martinez v. Kansas State University*, No. 89-4120-R, 1991 U.S. Dist. LEXIS 2866, at *2 (D. Kan. Feb 6, 1991) (denying defendant's request to delay ruling on the motion to remand so they could conduct discovery on certain issues related to that motion); *Kattelman v. Otis Engineering Corp.*, 701 F. Supp. 560, 566 (E.D. La. 1988) ("[T]he Fifth Circuit has clearly held that such "pretrial" of substantive factual issues in order to determine the existence of subject matter jurisdiction on removal is an inappropriate judicial exercise.") (citing *Green v. Amerada Hess Corp.*, 707 F.2d 201 (5th Cir. 1983)); *Lonthier v. Northwest Ins. Co.*, 599 F. Supp. 963, 965 (W.D. La. 1985) (same).

Because the discovery sought here goes to the very merits of Mr. Natale's claim, it is not appropriate discovery for a motion to remand, and cannot therefore be allowed.

### III.   GM'S NEW ARGUMENT FOR THE APPLICATION OF CAFA IS LEGALLY UNSUPPORTABLE AND THEREFORE THE DISCOVERY SOUGHT IS A WASTE OF TIME AND RESOURCES

CAFA applies only to cases "commenced" on or after February 18, 2005. The only way that GM's latest argument could possibly be relevant to federal jurisdiction under CAFA would be a finding that, if Natale is at some point found to lack standing, this would somehow mean the case was never "commenced" in the first place prior to February 18. GM, of course, cites no

legal authority for this proposition, nor could it. Even if a plaintiff is found to lack standing, courts hold that a case was "commenced" as of the date of the original filing, and that a subsequent amended complaint or substitution of another plaintiff "relates back" to the filing of the original complaint.

Thus, it is well-settled that in the context of a class action, the addition of or substitution of a representative plaintiff with another member of the class who alleges essentially the same claims, "relates back" to the filing of the original complaint, and therefore does not commence a new case. *Engers v. AT&T Corp.*, No. 98-3660, 2000 U.S. Dist. LEXIS 10937, at *11-12 (D.N.J. 2000) (claims of newly-added class representative related back where new plaintiff was a member of the class and raised the same claims); *Carson v. Merrill Lynch, Pierce, Fenner & Smith*, No. 97-5147, 1998 U.S. Dist. LEXIS 6903, at *35 (W.D. Ark. Mar. 30, 1998); *Manney v. Monroe*, 151 F. Supp. 2d 976, 997 (N.D. Ill. 2001) ("A plaintiff may usually amend his complaint under Rule 15(c) to . . . substitute or add as plaintiff the real party interest; or to add additional plaintiffs where the action, as originally brought, was a class action.") (quoting *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)). It has even been held, in this District, that when a plaintiff is deemed to be an inadequate class representative, it is permissible to substitute a new representative plaintiff, whose claims relate back to the filing of the initial complaint. *Griffith v. Bowen*, 678 F. Supp. 942, 947 (D. Mass. 1988) (Young, J.) ("[W]hile the named plaintiffs may no longer be adequate class representatives . . . there is no reason to punish the absent class.").

The concept of "relation back" is not only relevant to a statute of limitations analysis. It is also relevant to determine the law governing a matter after amendment of a complaint. In a

case situation similar to the matter at hand, one federal district court was called upon to determine whether the addition of class representatives subjected a class action to the Prison Litigation Reform Act, a statute passed subsequent to the filing of the filing of the original complaint which made exhaustion of administrative remedies a jurisdictional predicate for federal actions by prisoners challenging the conditions of their confinement. *Clark v. California*, No. C96-1486, 1998 U.S. Dist. LEXIS 6770, at *7 (N.D. Cal. May 11, 1998). The Court held that because the claims of the newly-added class representatives met the relation back test of Fed. R. Civ. P. 15(c)(2), and because the "class representatives added by amendment were members of the class alleged in the original complaint," the case would not be subjected to the new legislation. *Id.* at *8.

Therefore, even if GM somehow were able to demonstrate that Mr. Natale lacked standing, the Amended Complaint (which GM essentially pretends does not exist) relates back to the filing date of the original complaint, and the case is deemed to have "commenced" as of February 11, 2005, and CAFA does not apply. If GM truly believes that Mr. Natale lacks standing to bring the claims in the Complaint, the proper way to present the argument is on a motion to dismiss in state court after this court rules on the pending remand motion. However, the addition of John Burns as an additional plaintiff would effectively moot any potential problems raised by Mr. Natale's alleged lack of standing even if GM were to prevail on this motion.

## CONCLUSION

For the reasons stated herein, GM's Motion to conduct discovery, and its request to delay its response to the pending Motion to Remand, should be DENIED.

Dated: August 17, 2005                          Respectfully submitted,

/s/ Kenneth G. Gilman
Kenneth G. Gilman, BBO #192760
David Pastor, BBO #391000
Douglas J. Hoffman, BBO #640472
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Tel: (617) 742-9700

**ATTORNEYS FOR PLAINTIFF**