UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY NATALE, JR., on behalf of himself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>GENERAL MOTORS CORPORATION,<br><br>Defendant. | CIVIL ACTION<br>NO. 05-11152-RCL |

**AFFIDAVIT OF KENNETH G. GILMAN IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO CONDUCT DISCOVERY**

Now comes Kenneth G. Gilman and after being duly sworn, deposes and says as follows:

1. I am one of the attorneys for the Plaintiff in the above-entitled action and have personal knowledge of the facts set forth herein. I am submitting this Affidavit in support of Plaintiffs' Opposition to Defendant's Motion to Conduct Discovery.

2. Attached hereto as Exhibit A is a true and correct copy of an E-mail from John R. Skelton to Douglas J. Hoffman dated August 11, 2005 at 11:28 a.m.

Signed under the pains and penalties of perjury this 17th day of August, 2005.

/s/ Kenneth G. Gilman
Kenneth G. Gilman

00005977.WPD ; 1

# Exhibit A

# Douglas Hoffman

**From:** Skelton, John R. [john.skelton@bingham.com]
**Sent:** Thursday, August 11, 2005 11:28 AM
**To:** Douglas Hoffman
**Cc:** Scott Hessell; Head, Carol E.
**Subject:** Natale v. General Motors (Dex-Cool) - Motion to Remand

Doug,

As per my voicemail message, the following are the facts which we believe to be relevant to the Court's determination of the motion to remand. GM requests that Natale stipulate to these facts (or if Natale contends that any are not true, please identify which ones and the basis for Natale's contention). These are some of the issues I think we could have discussed as part of the Rule 7.1 conference in connection with your filing of the motion to remand. As I indicated in my message, if Natale is unwilling to stipulate to these facts, we request your assent to conduct a short deposition (no more than an hour or two -- and likely significantly less) so that we can explore these issues and gather what we contend to be relevant information. If it is necessary, we propose that the deposition be conducted next week (Wednesday - Friday). If Natale is unwilling to stipulate to these facts or is unwilling to agree to a deposition as outlined, GM intends to file a motion for leave to conduct the deposition and to file its opposition 3 days after the completion of the deposition.

1.   Natale was the sole named plaintiff when the complaint in above-captioned lawsuit was filed in Massachusetts State Court on February 11, 2005.
2.   The GM vehicle alleged in paragraph 4 of the Complaint to be owned by Natale and to contain factory equipped Dex-Cool, is a 1994 Chevy Blazer, VIN#   1GNDT13W4R0140457.
3.   Natale purchased the vehicle as a used car as opposed to a new vehicle from an authorized GM dealership.
4.   The 1994 Chevy Blazer referenced in the Complaint was not factory-equipped with Dex-Cool engine coolant.
5.   When Natale purchased the 1994 Chevy Blazer, it was not subject to any express GM warranty.
6.   The Owner's Manual for Natale's 1994 Chevy Blazer does not make any statements concerning Dex-Cool engine coolant.
7.   The 1994 Chevy Blazer purchased by Natale did not contain any stickers or other labeling which referenced Dex-Cool engine coolant.
8.   Natale has never used Dex-Cool engine coolant or caused Dex-Cool engine coolant to be used in the 1994 Chevy Blazer.

Given the time constraints, please call as soon as possible.

John R. Skelton, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, Ma. 02110
Direct Dial: 617-951-8789
Direct Fax: 617-345-5041
E-mail: john.skelton@bingham.com
www.bingham.com

*The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.*

*You should recognize that responses provided by this email means are akin to ordinary telephone or face-to-face*

*conversations and do not reflect the level of factual or legal inquiry or analysis which would be applied in the case of a formal legal opinion. A formal opinion could reach a different result. We would, of course, be happy to prepare such a definitive statement or formal opinion if you would like us to.*

*Also, IRS regulations provide that, for the purpose of avoiding certain penalties, taxpayers may rely only on opinions of counsel that meet specific requirements, including that such opinions contain extensive factual and legal discussion and analysis. Any advice that may be contained in this message is not intended as tax advice and does not constitute an opinion that meets the IRS requirements and thus cannot be used, and was not intended or written to be used, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be made available to or relied upon by any other person or entity or used for any other purpose without our prior written consent.*

8/15/2005